C. Darryl Cordero, Bar No. 126689
cdc@paynefears.com
Eric M. Kennedy, Bar No. 228393
emk@paynefears.com
PAYNE & FEARS LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

Scott Z. Zimmermann, Bar No. 78694
szimm@zkcf.com
601 S. Figueroa Street, Suite 2610
Los Angeles, California 90017
Telephone: (213) 452-6509
Facsimile: (213) 622-2171

Attorneys for Plaintiffs Craftwood II, Inc.,
dba Bay Hardware, and Craftwood
Lumber Company, and for all others
similarly situated

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Craftwood II, Inc., a California corporation, dba Bay Hardware; Craftwood Lumber Company, an Illinois corporation, <br><br> Plaintiffs, <br><br> v. <br><br> United Stationers Inc., a Delaware corporation, dba Essendant and Essend∧nt; United Stationers Supply Co., an Illinois corporation, dba Essendant and Essend∧; Lagasse LLC, an Illinois corporation, dba LagasseSweet, Essendant and Essend∧nt, <br><br> Defendants. | Case No. 8:15-cv-00704 <br><br> **Complaint for Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and FCC Regulations [Class Action]; Exhibits; Demand for Jury Trial** <br><br> **[Fed. R. Civ. P. 8, 10, 23, 38]** |

Plaintiffs Craftwood II, Inc., dba Bay Hardware, and Craftwood Lumber Company ("Plaintiffs"), bring this action on behalf of themselves and all other similarly situated parties, and aver:

### Jurisdiction

1. This Court has subject matter jurisdiction under authority of 28 U.S.C. § 1331 because this matter arises under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012). The Court has personal jurisdiction over Defendants because they regularly conduct business within the state of California, because Defendants intentionally sent facsimile transmissions that are subject of this lawsuit to recipients within the state of California, and because Defendants reside in California.

### Introduction

2. More than two decades ago the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA" or the "Act"), was enacted into law. The law responded to countless complaints by American consumers and businesses about the cost, disruption and nuisance imposed by junk faxes. The law prohibited the transmission of facsimile advertising without prior express invitation or permission of the recipient. In 2005, because consumers and businesses continued to be besieged with junk faxes, Congress strengthened the law by amending it through the Junk Fax Prevention Act of 2005 ("JFPA"). As amended, the law requires senders to include in their faxed advertisements a clear and conspicuous notice that discloses to recipients their right to stop future junk faxes and the legal requirements for exercising that right.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

3.      Plaintiffs bring this class action to recover damages for and enjoin repeated junk faxing by Defendants in direct violation of the TCPA and the regulations promulgated by the Federal Communications Commission ("FCC") thereunder.  Defendants have sent a torrent of junk faxes to Plaintiffs, including, but not limited to, the facsimile transmission of advertisements to Plaintiffs' telephone facsimile numbers on March 3, 2015, March 27, 2015, April 3, 2015, April 9, 2015, April 10, 2015, April 15, 2015, April 16, 2015,  April 23, 2015, and April 30, 2015, true and correct copies of which are attached hereto as Exhibits 1 through 13.

## Standing and Venue

4.      Plaintiffs have standing to seek relief in this Court because section (b)(3) of the Act authorizes commencement of an action to obtain statutory damages in the minimum amount of $500 for each violation of the TCPA and FCC regulations, to obtain injunctive relief, or for both such actions. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants sent facsimile transmissions that are the subject of this lawsuit to this judicial district, including transmissions to Plaintiff Craftwood II, and because Defendants reside in this judicial district.

## The Parties

5.      Plaintiff Craftwood II, Inc. ("Craftwood II"), is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of California, doing business as Bay Hardware in Seal Beach, California. Craftwood II is, and at all times relevant hereto was, the subscriber of the facsimile telephone number ((562) 594-4054) to which the faxes attached as Exhibits 1, 2, 4,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-2-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

5, 8, 9, 10, 11, 12, and 13 were sent by Defendants.

6.     Plaintiff Craftwood Lumber Company ("Craftwood") is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Illinois, with its principal place of business in Highland Park, Illinois. Craftwood is, and at all times relevant hereto was, the subscriber of the facsimile telephone number ((847) 831-2805) to which the faxes attached as Exhibits 3, 6 and 7 were sent by Defendants.

7.     Defendant United Stationers Inc. ("United Stationers"), is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Delaware, doing business as "Essendant" and "Essend∧nt," having its principal place of business in Deerfield, Illinois.  United Stationers is publicly traded on the NASDAQ exchange as "USTR" and is a "person" within the meaning of 47 U.S.C. §§ 153(39) and 227(b)(1).

8.     Defendant United Stationers Supply Co. ("USSC"), is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Illinois, doing business as "Essendant" and "Essend∧nt," having its principal place of business in Deerfield, Illinois.  USSC is, and at all times relevant hereto was, a wholly-owned subsidiary of Defendant United Stationers and United Stationers' principal operating company and is a "person" within the meaning of 47 U.S.C. §§ 153(39) and 227(b)(1).

9.     Defendant Lagasse LLC ("Lagasse"), is, and at all times relevant hereto was, a corporation organized and existing under the laws of the state of Illinois, doing business as "LagasseSweet," "Essendant," and "Essend∧nt," having

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

its principal place of business in Deerfield, Illinois.  Lagasse is, and at all times relevant hereto, has been a wholly-owned subsidiary of Defendant USSC and a "person" within the meaning of 47 U.S.C. §§ 153(39) and 227(b)(1).

10.     As used herein, the term "Defendants" refers, jointly and severally, to Defendants United Stationers, USSC, and Lagasse.

### The TCPA's Prohibition of Junk Fax Advertising

11.     By the early 1990s advertisers had exploited facsimile telephone technology to blanket the country with junk fax advertisements.  This practice imposed tremendous disruption, annoyance, and cost on the recipients.  Among other things, junk faxes tie up recipients' telephone lines and facsimile machines, misappropriate and convert recipients' fax paper and toner, and require recipients to sort through faxes to separate legitimate fax communications from junk advertisements and to discard the latter.

12.     Congress responded to the problem by passing the TCPA in 1991.  The law was enacted to eradicate junk faxes and stanch "the explosive growth in unsolicited facsimile advertising, or 'junk fax.'"  H.R. Rep. No. 102-317 (1991).  It sought to accomplish this objective by prohibiting advertisers from transmitting facsimile advertisements without first obtaining prior express invitation or permission from the recipient.

13.     The original law did not achieve its objectives, however.  In the decade following the TCPA's enactment, American consumers and businesses continued to be "besieged" by junk faxes because senders refused to honor requests

by recipients to stop. FCC, Report and Order on Reconsideration of Rules and Regulations Implementing the TCPA of 1991, 29 Comm. Reg. 830 ¶ 186 (2003). Congress responded by strengthening the law through the JFPA. The JFPA, for the first time, required senders to disclose to recipients their right and ability to stop future junk faxes (hereinafter collectively the "Opt-Out Notice Requirements"; *see* § 227(b)(1)(C)(iii), (b)(2)(D), (b)(2)(E), (d)(2); 47 C.F.R. § 64.1200(a)(4)(iii)-(vii)). To comply with these requirements, an advertiser must include a clear and conspicuous notice at the top or bottom of the first page of the advertisement, separate from the advertising copy and any other disclosures. The notice must be distinguishable from the advertising copy by use of bolding, italics and different font. The notice must provide each of the following disclosures to recipients:

A. a disclosure that the recipient is entitled to opt-out from receiving future faxed advertisements – thereby giving recipients impetus to opt-out, if they desire, knowing that they have the right to do so;

B. a disclosure that the sender's failure to honor a recipient's opt-out request within 30 days is unlawful – thereby encouraging recipients to opt-out, if they do not want future faxes, by advising them that their opt-out requests have the force of law;

C. a disclosure advising the recipient that he or she can opt-out of all his or her fax numbers, and not just the one that to which the particular fax was sent – thereby instructing a recipient how to stop junk faxes to all of its, his or her fax numbers;

D. a disclosure of both a domestic telephone and fax number for the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-5-

1  recipient to make opt-out requests – thereby giving the recipient the choice of

2  methods to communicate the request;

3

4          E.      a disclosure of a cost-free mechanism for a recipient to submit

5  opt-out requests – thereby further encouraging recipients to make an opt-out request

6  because it would be at no additional cost to them; and

7

8          F.      further disclosures expressly informing the recipient how to

9  make a valid opt-out request: that requests must be made either to the telephone

10 number, fax number or cost-free mechanism set forth in the notice, and that the

11 person making the request cannot, after the opt-out request, provide express

12 permission for the advertiser to send fax advertisements.

13

14                         **Defendants' Illegal Junk Fax Program**

15

16         14.     Defendants collectively operate as wholesale distributors and sellers,

17 throughout the United States, of traditional office products, janitorial and break

18 room supplies, technology products, industrial supplies, and automotive aftermarket

19 equipment.  Within four years of the filing of this Complaint, Defendants have

20 implemented an illegal junk fax advertising program.  Defendants' fax

21 advertisements have promoted the sale of Defendants' property, goods and services,

22 including Defendants' websites, which are advertisements for the companies and

23 their property, goods and services.  All faxes that are the subject of this lawsuit were

24 designed as, intended as, and constituted advertisements under the TCPA within

25 their four corners and as part of Defendants' overall marketing and promotional

26 activities and sale of Defendants' property, goods and services.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

15.     Plaintiffs are informed and believe, and upon such information and belief aver, that Defendants transmitted the faxes that are the subject of this lawsuit without obtaining recipients' prior express invitation or permission, in direct violation of the TCPA and FCC regulations.  Plaintiffs did not give Defendants prior express invitation or permission to send Exhibits 1 through 13, or any other fax advertisements, to them.

16.     Defendants' fax advertising program also had one important overarching common fact: Defendants failed to comply with the Opt-Out Notice Requirements.  As a result of these violations, Defendants are precluded from asserting either of the two defenses available under the TCPA: (i) "prior express invitation or permission" (or "PEP" for short, § 227(a)(5)), that may have been given by a recipient; and (ii) a three-prong defense based on transmissions to a recipient with whom Defendants may have had an "established business relationship" (or "EBR" for short, § 227(b)(1)(C)(i)-(iii)).

17.     Defendants' violations of the TCPA and/or FCC regulations were "willful" and/or "knowing" as used in § 227(b)(3) because, among other things:

A.     Defendants fully intended their acts; the companies' repeated transmission of fax advertisements was no mistake or accident.

B.     Defendants made no effort to comply with the Opt-Out Notice Requirements in connection with the faxes that are the subject of the lawsuit.  To the extent that any faxes mention the possibility of being "removed from our list," it was without regard to, or consideration of, the Opt-Out Notice Requirements.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

C.      Defendants are well aware of the Act, its prohibitions, and the illegality of their conduct.  One of Defendants' websites acknowledges that "federal law requires" recipients' consent to receive what Defendants characterize as "business-related faxes after June 30, 2005."

18.      Plaintiffs are informed and believe, and upon such information and belief aver, that each Defendant is directly and/or vicariously liable for the violations of the TCPA and FCC regulations averred herein because, *inter alia*, it (a) was a sender of the fax advertisements that are the subject of this lawsuit because these advertisements were sent on its behalf and/or its property, goods or services were promoted in such advertisements; (b) approved, authorized and/or participated in the formulation, preparation and sending of the fax advertisements; (c) received and retained the benefits of the fax advertisements in the form of revenue, and name/brand recognition and promotion; (d) had actual notice of the unlawful activity constituting the violations herein and failed to take steps to prevent the same; and (e) ratified the acts and omissions of the other Defendants constituting the violations herein.

**Class Action Averments**

19.      **Statutory Reference**.  This action is properly maintainable as a class action because (a) all prerequisites of Rule 23(a) are satisfied; (b) prosecution of separate actions by one or more individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class and would establish incompatible standards of conduct for Defendants, in the manner contemplated by Rule 23(b)(1)(A); (c) Defendants have acted on grounds that apply generally to the class, so that final injunctive relief is appropriate

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-8-

respecting the class as a whole, as contemplated by Rule 23(b)(2); and (d) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, as contemplated by Rule 23(b)(3).

20.   **Class Definition**.  The Plaintiff Class consists of all persons and entities that were subscribers of facsimile telephone numbers to which material that discusses, describes, or promotes the property, goods or services of Defendants, or any of them, was sent via facsimile transmission (to 10 or more facsimile telephone numbers) on or after May 1, 2011, including, without limitation, the faxes attached hereto as Exhibits 1 through 13.   Plaintiffs reserve the right to amend the class definition after completion of class certification discovery.

21.   **Class Size**.  Plaintiffs are informed and believe, and based and upon such information and belief aver, that the Plaintiff Class numbers in the thousands.

22.   **Typicality**.  The claims of Plaintiffs are typical of the Plaintiff Class because, among other things, they were sent the same type of faxed communications; they have the same claims under the same statute; and they are entitled to the same statutory damages and injunctive relief.

23.   **Adequacy of Representation**.  The Plaintiff Class will be well represented by Plaintiffs and their counsel.  Plaintiffs appreciate the responsibilities of a class representative and understand the nature and significance of the claims made in this case.  Plaintiffs can fairly and adequately represent and protect the interests of the Plaintiff Class because there is no conflict between their interests and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

the interests of other class members.  Plaintiffs have successfully prosecuted other class actions for violations of the Act.  Plaintiffs' counsel have the necessary resources, experience and ability to prosecute this case on a class action basis.  Co-lead counsel have more than 65 years combined experience representing clients in complex business disputes, have significant experience as class counsel in federal and state courts, and have significant experience litigating claims under the Act.

24.    **Impracticability of Joinder**.  Joinder of all Plaintiff Class members is impracticable due to the class's size and due to the relatively small potential monetary recovery for each Plaintiff Class member, in comparison to the time and costs associated with joinder in the litigation on an individual basis.

25.    **Common Questions of Law and Fact**.  Numerous common questions of law and fact may be jointly tried and would not require each member individually to litigate numerous and substantial questions to determine his or her right to recover following the class judgment.

A.    **Common Questions of Fact**.  This case presents numerous questions of fact that are common to all class members' claims.  The case arises out of a common nucleus of fact and standardized conduct by Defendants because, among other things: (1) the same type of faxes; (2) were transmitted by the same senders, in the same manner and from the same facsimile telephone number; (3) violating the same statute and FCC regulations in the same manner; and (4) entitling class members to receive the same statutory damages and injunctive relief.

**B.    Common Questions of Law**.  The case presents numerous common questions of law, including, but not limited to:

(1)    whether the faxes that are the subject of this lawsuit are advertisements within the ambit of the TCPA and the FCC regulations;

(2)    whether Defendants complied with the Opt-Out Notice Requirements of the TCPA and the FCC's regulations, and the legal consequences of the failure to comply with those requirements;

(3)    what constitutes a willful or knowing violation of the TCPA within the meaning of section (b)(3) of the Act;

(4)    whether Defendants committed willful and/or knowing violations of the TCPA and/or the FCC's regulations;

(5)    whether damages should be increased on account of Defendants' willful and/or knowing violations and, if so, by what amount; and

(6)    whether injunctive relief is warranted to enjoin Defendants, as requested in this Complaint.

26.    **Injunctive Relief Is Appropriate**.  Defendants have acted on grounds that apply generally to the Plaintiff Class, so that injunctive relief is appropriate respecting the Plaintiff Class as a whole.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

27.     **Predominance and Superiority of Class Adjudication**.  The action should be maintained as a class action because questions of law and fact common to members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including:

A.     Common questions of law and fact, including those identified in paragraph 25, predominate over questions, if any, affecting only individual members.

B.     Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant.

C.     Proof of the claims of Plaintiff will also prove the claims of the Plaintiff Class without the need for separate or individualized proceedings, and the statutory damages provided for in the TCPA are the same for all members of the Plaintiff Class, permitting damages to be calculated with mathematical certainty.

D.     Defendants have acted pursuant to common policies and practices in the same or similar manner with respect to all members of the Plaintiff Class.

E.     Absent class certification there is a possibility of numerous individual cases and, therefore, class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

F.     Most members of the Plaintiff Class are not likely to join or bring an individual action due to, among other reasons, Defendants' failure to disclose to class members their rights under the Opt-Out Notice Requirements and the small amount individual class members could recover through individual action relative to the time, effort and expense necessary to join or bring such an action. Because the statutory minimum damage is $500 per violation, and the Act contains no provision authorizing an award of attorneys' fees to a successful plaintiff, individual action to remedy Defendants' violations of the Act and FCC regulations would be grossly uneconomical.  As a practical matter, the claims of the vast majority of the Plaintiff Class are not likely to be redressed absent certification.

G.     Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and, hence, subject to an order spreading the fees and costs of litigation among the class members in relationship to the benefits received.

28.     **Notice**.  Plaintiffs contemplate that notice be provided to all class members that can be identified through reasonable effort.  Rule 23 requires, and the notice will concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues and defenses; that a class member may enter an appearance through counsel if the member so desires; if the class is certified under Rule 23(b)(3), that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

**Claim for Relief for Violations of 47 U.S.C. § 227 and FCC Regulations**

**(Against All Defendants)**

29.     **Incorporation**.  Plaintiffs and the Plaintiff Class reassert and restate the averments set forth in paragraphs 1 through 28, above.

30.     **Defendants' Violations of the Prohibition of Unsolicited Facsimile Advertising**.  Within four years of the filing of this action and including, without limitation, on March 3, 2015, March 27, 2015, April 3, 2015, April 9, 2015, April 10, 2015, April 15, 2015, April 16, 2015, April 23, 2015, and April 30, 2015, Defendants violated the TCPA and FCC regulations promulgated under the Act by reason of, among other things, the transmission of unsolicited advertisements from telephone facsimile machines, computers, or other devices to telephone facsimile machines using facsimile telephone numbers of Plaintiffs and other members of the Plaintiff Class.

31.     **Defendants' Violations of the Opt Out Notice Requirements**. Within four years of the filing of this action and including, without limitation, on March 3, 2015, March 27, 2015, April 3, 2015, April 9, 2015, April 10, 2015, April 15, 2015, April 16, 2015, April 23, 2015, and April 30, 2015, Defendants violated the TCPA and FCC regulations promulgated under the Act by reason of, among other things, the transmission of advertisements that failed to comply with the Opt-Out Notice Requirements from telephone facsimile machines, computers, or other devices to telephone facsimile machines using facsimile telephone numbers of Plaintiffs and other members of the Plaintiff Class.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

1    32.    **Private Right of Action**.  Under section (b)(3) of the Act, Plaintiffs

2    have a private right of action to bring this claim on behalf of themselves and on

3    behalf of the Plaintiff Class to redress Defendants' violations of the Act and the

4    FCC regulations.

5

6    33.    **Injunctive Relief**.  Subsection (b)(3)(A) of the Act authorizes

7    Plaintiffs to bring an action to enjoin a violation of the Act and/or FCC regulations.

8    Plaintiffs request that preliminary and permanent injunctions issue to: (1) prohibit

9    Defendants, their employees, agents, representatives, contractors, affiliates and all

10   persons and entities acting in concert with them, from committing further violations

11   of the Act and FCC regulations, and thereby, among other things, prohibiting

12   Defendants, their employees, agents, representatives, contractors, affiliates, and all

13   persons and entities acting in concert with them, from sending to any person or

14   entity any further unsolicited fax advertisements and fax advertisements that do not

15   comply with the Opt-Out Notice Requirements; (2) require Defendants to deliver to

16   Plaintiffs all records of facsimile advertisements that are the subject of this lawsuit,

17   including all content sent via facsimile, fax lists used, and records of transmission;

18   (3) require Defendants to adopt ongoing educational, training and monitoring

19   programs to ensure compliance with the TCPA, and limiting facsimile advertising

20   activity to personnel who have undergone such training; (4) require Defendants to

21   provide written notice to all persons and entities to whom Defendants sent, via

22   facsimile transmission, advertisements in violation the Act and/or FCC regulations,

23   warning such persons and entities that the facsimile transmission of unsolicited

24   advertisements or advertisements that do not comply with the Opt-Out Notice

25   Requirements is in violation of the TCPA and that they should not be led or

26   encouraged in any way by Defendants' violations of the Act and/or FCC regulations

27   to send advertisements of their own that violate the Act and/or FCC regulations; and

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-15-

(5) require Defendants to conspicuously place on the homepage of their websites the warnings contained in subparagraph (4) of this paragraph.

34.     **Damages**.  Subsection (b)(3)(B) of the Act provides for the recovery of damages in the minimum amount of $500 for each violation by Defendants of the TCPA and/or FCC regulations.  In addition, Plaintiffs are informed and believe, and upon such information and belief aver, that Defendants committed their violations willfully and/or knowingly and that the amount of statutory damages should be increased up to three times, as also authorized by subsection (b)(3)(B) of the Act.

## Prayer for Relief

WHEREFORE, Plaintiffs and the Plaintiff Class pray for judgment against Defendants, and each of them:

1.     Certifying the Plaintiff Class defined in paragraph 20 of the Complaint;

2.     Appointing Plaintiffs as representatives for the Plaintiff Class and awarding Plaintiffs an incentive award for their efforts as class representatives;

3.     Appointing Plaintiffs' counsel as counsel for the Plaintiff Class;

4.     In accordance with subsection (b)(3)(B) of the Act, for an award of statutory damages in the amount of $500 for each violation of the Act and/or the FCC regulations in an amount not less than $5 million, and the trebling of such statutory damages;

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

5.　　　Entry of the preliminary and permanent injunctions requested in paragraph 33 of this Complaint;

6.　　　Ordering payment of Plaintiffs' costs of litigation, including, without limitation, costs of suit and attorneys' fees, spread among the members of the Plaintiff Class in relation to the benefits received by the Plaintiff Class;

7.　　　Awarding prejudgment interest; and

8.　　　Awarding such other and further relief as the Court shall deem just and proper.

DATED: May 1, 2015

PAYNE & FEARS LLP
AND
LAW OFFICES OF SCOTT Z. ZIMMERMANN

By:  s/ C. Darryl Cordero
C. Darryl Cordero
Attorneys for Plaintiffs Craftwood II, Inc.,
dba Bay Hardware, and Craftwood Lumber
Company, and all other similarly situated

-17-

**Jury Demand**

Plaintiffs demand trial by jury on all issues triable by jury.

DATED: May 1, 2015

PAYNE & FEARS LLP
AND
LAW OFFICES OF SCOTT Z. ZIMMERMANN

By:  s/ C. Darryl Cordero

C. Darryl Cordero
Attorneys for Plaintiffs Craftwood II, Inc.,
dba Bay Hardware, and Craftwood Lumber
Company, and all other similarly situated

4837-1064-0419.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA STREET, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-31-