1  KELLEY DRYE & WARREN LLP
     Lauri A. Mazzuchetti (*pro hac vice*)
2    Elizabeth D. Silver (*pro hac vice*)
   One Jefferson Road, 2nd Floor
3  Parsippany, New Jersey 07054
   Telephone: (973) 503-5900
4  Facsimile:  (973) 503-5950
   lmazzuchetti@kelleydrye.com
5  esilver@kelleydrye.com

6  KELLEY DRYE & WARREN LLP
     Lee S. Brenner (State Bar No. 180235)
7    Catherine D. Lee (State Bar No. 258550)
   10100 Santa Monica Blvd., 23rd Floor
8  Los Angeles, CA 90067-4008
   Telephone:  (310) 712-6100
9  Facsimile:   (310) 712-6199
   lbrenner@kelleydrye.com
10 clee@kelleydrye.com

11 Attorneys for Defendants Essendant Inc.,
   (f/k/a United Stationers Inc.), Essendant Co.
12 (f/k/a United Stationers Supply Co.), and
   Lagasse, LLC (now known as Essendant Co.)

13

14           **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16                 **SOUTHERN DIVISION**

17 | | |
|---|---|
| Craftwood II, Inc., a California corporation, dba Bay Hardware; Craftwood Lumber Company, an Illinois corporation, | No. SACV 8:15-cv-00704-JLS-DFM |
| | Hon. Josephine L. Staton |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION** |
| v. | [*Supp. Notice of Non-Published Authorities and Supp. RJN filed concurrently herewith*] |
| United Stationers Inc., a Delaware corporation, dba Essendant and Essend∧nt; United Stationers Supply Co., an Illinois corporation, dba Essendant and Essend∧nt; Lagasse LLC, an Illinois corporation, dba LagasseSweet, Essendant and Essend∧nt, | Date:        Sept. 11, 2015 Time:        2:30 p.m. Courtroom:   10A |
| Defendants. | |

28

517497
LA01\LEECA\701653.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ..................................................................................... 1

II.     PLAINTIFFS CANNOT DISPUTE THAT A STAY SHOULD BE
        GRANTED ................................................................................................ 3

        A.     A Stay Is Appropriate Pending The Supreme Court's Resolution
               Of *Campbell-Ewald* ................................................................... 3

        B.     A Stay Is Also Appropriate Pending The Supreme Court's
               Resolution Of *Spokeo* ................................................................. 8

        C.     A Stay Conserves Judicial And Party Resources And Will Not
               Prejudice Plaintiffs .................................................................... 10

III.    CONCLUSION ....................................................................................... 13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*APB Assocs., Inc. v. Bronco's Saloon, Inc.*,
  No. 09-14959, 2014 WL 4145344 (E.D. Mich. Aug. 20, 2014) ........................... 6

6

*In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices*
  *Litig.*,

7

  864 F. Supp. 2d 451 (E.D. La. 2012) .................................................... 12

8

9

*AT&T Mobility LLC v. Concepcion*,
  13 S. Ct. 1740 (2011) ................................................................ 8, 11, 12

10

11

*Boise v. ACE USA, Inc.*,
  No. 15-Civ-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) ............... 8, 10, 11

12

13

*Cardenas v. AmeriCredit Fin. Servs., Inc.*,
  No. C 09-04978, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) ........................... 12

14

15

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) .......................................................... 10, 12

16

17

*Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*,
  No. 09-1444, 2014 WL 3420482 (E.D. Mich. July 14, 2014) ........................... 6

18

19

*Cuadras v. MetroPCS Wireless, Inc.*,
  No. CV 09-0797 CAS, 2011 WL 227591 (C.D. Cal. Jan. 21, 2011) .................. 12

20

21

*Fauley v. Royal Canin U.S.A., Inc.*,
  No. 1:15-cv-02170, 2015 WL 3622542 (N.D. Ill. May 22, 2015) ..................... 11

22

*Flores v. Collection Consultants of Cal.*,
  8:14-cv-00771-DOC-RNB, Dkt. 45 (C.D. Cal. July 27, 2015) ........................... 8

23

24

*Genesis Healthcare Corp. v. Symczyk*,
  133 S. Ct. 1523 (2013) ................................................................ 4, 8

25

26

*Goans Acquis., Inc. v. Merchant Solutions*,
  LLC, No. 12-00539-CV-S-JTM, 2013 WL 5408460 (W.D. Mo.
  Sept. 26, 2013) ........................................................................ 6

27

28

ii

517497
LA01\LEECA\701653.4

*Hillson v. Kelly Servs.*,
   No. 2:15-CV-10803-LJM-APP, ECF No. 29 (E.D. Mich. July 15,
   2015) ............................................................................................................ 9

*Kaplan v. AT & T Mobility, LLC*,
   No. CV CAS 10-3594(EX), 2010 WL 4774790 (C.D. Cal. Sept. 27,
   2010) .......................................................................................................... 11

*Kopff v. Roth*,
   No. 05-798(JDB), 2007 WL 1748918 (D.D.C. June 15, 2007) ............................ 5

*Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*,
   No. CV 08-5773 JSW, 2009 WL 1010842 (N.D. Cal. 2009) ............................ 13

*Masters v. Wells Fargo Bank S. Cent., N.A.*,
   No. A-12-CA-376-SS, 2013 WL 3713492 (W.D. Tex. July 11,
   2013) ............................................................................................................ 6

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ......................................................................... 9

*Mey v. Yellowstone Capital, LLC*,
   No. 1:15-cv-00854, ECF No. 21 (S.D.N.Y. June 18, 2015) ................................. 7

*In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*,
   No. 1:13md2493, ECF No. 459 (N.D. W. Va. June 17, 2015) ............................ 7

*Munoz v. PHH Corp.*,
   No. 1:08cv0759 AWI DLB, 2011 WL 4048708 (E.D. Cal. Sept. 9,
   2011) .......................................................................................................... 11

*Robins v. Spokeo, Inc.*,
   No. CV10-05306 ODW, 2011 WL 597867 (C.D. Cal. Jan. 27, 2011) .........*passim*

*Simon, DC v. Radnet Mgmt., Inc.*,
   No. 2:14-cv-07997-BRO-PJW, ECF No. 39, at *8-9 (C.D. Cal. May
   14, 2015) (O'Connell, J.)................................................................................. 1

*Smith v. Microsoft Corp.*,
   297 F.R.D. 464 (S.D. Cal. 2014) .................................................................... 5

*Speer v. Whole Food Mkt. Grp., Inc.*,
   No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665 (M.D. Fla. Apr.
   29, 2015)................................................................................................. 9, 10

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

*Stone v. Sterling Infosystems, Inc.*,
    No. 2:15-cv-00711-MCE-DAD, 2015 WL 4602968 (E.D. Cal. July
    29, 2015) ................................................................................................. 8

*Vernon v. Qwest Commc'ns Int'l, Inc.*,
    857 F. Supp. 2d 1135 (D. Colo. 2012) ................................................ 12

*Wolf v. Lyft, Inc.*,
    No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015) .............. 7, 8

**Statutes**

47 U.S.C. 227(b)(3) ................................................................................... 5, 6

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

LA01\LEECA\701653.4

# I.

## __INTRODUCTION__

Just hours ago, the Federal Communications Commission ("FCC") granted Defendants' Waiver Petition, and Defendants therefore no longer seek a stay pending this ruling by the FCC.  *See* Supplemental Request for Judicial Notice, Ex. A.  Defendants, therefore, do not address Plaintiffs' flawed arguments related to the Waiver Petition in this reply.[1]  The FCC's ruling, however, does not impact Defendants' request for a stay pending the United States Supreme Court's ruling in *Campbell-Ewald* and *Spokeo*.

To date, at least ***eleven*** TCPA cases have been stayed pending the Supreme Court's ruling in *Campbell-Ewald* and at least ***eleven*** cases have been stayed pending *Spokeo.*  The Supreme Court is scheduled to hear *Campbell-Ewald* on October 14, 2015 and will make rulings in both *Campbell-Ewald* and *Spokeo* in the next several months.  Plaintiffs do not deny that if the Supreme Court rules in *Campbell-Ewald* in favor of Defendants' position, a class action becomes moot when the named plaintiff receives an offer of complete relief on its individual claim. Mot. at 13:21-14:3; *see generally* Opp.  Plaintiffs also do not deny that if the Supreme Court rules in *Spokeo* in favor of Defendants' position, there will be no TCPA liability for those putative class members who did not suffer any actual injury.  *See* Mot. at 18:19-19:9; *see generally* Opp.

Against this backdrop, Plaintiffs make two (2) basic arguments in opposition to Defendants' request for a stay pending rulings by the Supreme Court:

---

[1] Should the Court have outstanding concerns regarding this point, *see Simon, DC v. Radnet Mgmt., Inc*., No. 2:14-cv-07997-BRO-PJW, ECF No. 39, at *8-9 (C.D. Cal. May 14, 2015) (O'Connell, J.) (granting stay of class discovery pending FCC's resolution of defendant's waiver petition and rejecting plaintiff's argument that defendant's declarant lacked personal knowledge regarding prior express consent).

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

First, Plaintiffs argue that the Supreme Court's ruling on *Campbell-Ewald* will have no bearing on this case, claiming that Defendants' Offers of Judgment did not satisfy Plaintiffs' individual claims. *See* Opp. at 12:13-15:8. Even at treble the statutory penalties (14 faxes x $1,500 = $21,000) and accepting Plaintiffs' allegations that all of the faxes constituted advertising when on their face they did not, Defendants' offer of $25,000 plus pre-judgment interest and taxed costs exceeds the amount that Plaintiffs could hope to recover in this action. Moreover, the injunctive relief that Plaintiffs claim is missing from Defendants' Offer of Judgment pertains to *class* claims for relief, not to Plaintiffs' *individual* claims.

Second, Plaintiffs do not deny that if the Supreme Court rules in *Spokeo* in favor of Defendants' position, there will be no TCPA liability for those putative class members who did not suffer actual injury. Plaintiffs argue, instead, that *Spokeo* is inapplicable because *they* have suffered injury-in-fact relating to fax paper and ink. *See* Opp. at 16:2-17:2. Plaintiffs have missed the point. For those putative class members who were sent but never received a facsimile and/or whose fax paper and ink were never used, there is no injury-in-fact. The Supreme Court's resolution of *Spokeo* in Defendants' favor will lead to mini-trials as to whether each class member was actually injured by Defendants' faxes. Thus, *Spokeo* significantly affects whether class certification is even possible, or at a minimum, it will affect the scope of the class and class discovery.

Ultimately, this Court need not decide, for purposes of this Motion, the merits of Plaintiffs' claims or Defendants' defenses. Rather, this Court need only determine that future proceedings should have the benefit of binding Supreme Court precedent, and full scale litigation and discovery should not proceed in the interim. As set forth herein and in their moving papers, Defendants respectfully request that the Court grant their Motion to Stay the Action pending the ruling on *Campbell-Ewald* and *Spokeo*.

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

# II.

## PLAINTIFFS CANNOT DISPUTE THAT A STAY SHOULD BE GRANTED

**A.** **A Stay Is Appropriate Pending The Supreme Court's Resolution Of** *Campbell-Ewald*

### 1. The Outcome Of *Campbell-Ewald* Is For The Supreme Court To Decide, Not Plaintiffs

Plaintiffs devote a substantial portion of their opposition expressing their views about why the Supreme Court is unlikely to rule *Campbell-Ewald* in Defendants' favor.  Opp. at 5:23-26, 9:19-11:19.  The "likelihood of success" of the pending appeal, however, is not one of the factors considered in determining whether to grant or deny a stay.  Rather, as Plaintiffs concede, district courts weigh the following three factors: (1) possible damage that may result from granting the stay, (2) hardship or inequity that a party may suffer in being required to go forward, and (3) the orderly course of justice, namely simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay.  Mot. at 14:17-15:5; Opp. at 8:13-17.  As noted below, all these factors weigh in favor of a stay.  *See infra* Section III.C.

Moreover, the fact that the Supreme Court has granted certiorari means that the issues present serious questions – as the Court grants review only in cases of consequence.  Plaintiffs' predictions have no bearing on the propriety of a stay.  The reason that a stay pending the Supreme Court's resolution of a dispositive question makes sense is not to prejudge the case's outcome, but rather to allow the District Court to avoid the potential waste of the Court's and the parties' time and resources that would result from continuing the case while the outcome in the Supreme Court remains uncertain.

In any event, Plaintiffs have seriously underestimated the likelihood of a Supreme Court ruling in favor of Defendants' position – one that would be

dispositive here.  First, Plaintiffs fail to acknowledge that the Supreme Court frequently reverses the decisions of the courts below when it grants review.  For example, in the Term that just concluded, the Supreme Court reversed the lower court in 71 percent of the cases that it decided, and it reversed the Ninth Circuit 63 percent of the time.  *Statistics*, SUPREME COURT OF THE UNITED STATES BLOG (SCOTUSBLOG) (June 30, 2015), http://scotusblog.com/statistics/.  A 2010 study noted that over a ten-Term period, the Supreme Court reversed or vacated about 80 percent of the cases arising from the Ninth Circuit that it decided on the merits.  Roy E. Hofer, *Supreme Court Reversal Rates:  Evaluating the Federal Courts of Appeals*, LANDSLIDE (Jan.-Feb. 2010), http://www.americanbar.org/content/dam/migrated/intelprop/magazine/LandslideJan1010_Hofer.authcheckdam.pdf.  While these statistics do not bear on how the Supreme Court will decide *Campbell-Ewald*, they do show that Plaintiffs do not properly credit the possibility that the Supreme Court will reverse the Ninth Circuit's decision in *Campbell-Ewald*.

Additionally, Plaintiffs themselves concede that the Ninth Circuit's *Campbell-Ewald* decision and the similar decisions of other courts rests on the ***dissent*** of Justice Kagan in *Genesis*.  Opp. at 10:3-23.  The Supreme Court's ***majority*** holding was that "the mere presence of collective-action allegations in the complaint cannot save a suit from mootness once the individual claim is satisfied."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013).  The Supreme Court rejected the supposed impropriety of "picking off" the representative plaintiff as a basis for refusing to dismiss a claim.  *Id.* at 1531-32.  The same Justices are scheduled to hear *Campbell-Ewald*.  Plaintiffs, thus, cannot deny that the Supreme Court may overrule several circuit courts – as it did in *Genesis* – to hold that the TCPA class action becomes moot once the individual claim is satisfied before class certification.

## 2.   Defendants' Offers Of Judgment Provided Complete Relief Sought By The Named Plaintiffs

While it is Defendants' position that the May 20th Offer provided Plaintiffs with complete relief, to address Plaintiffs' "concern" that it did not provide prejudgment interest or enjoin Defendants' agents,[2] Defendants served Plaintiffs with a second Offer of Judgment.  Opp. at 14:17-15:8.  The July 10th Offer of Judgment offered $25,000, plus costs and prejudgment interest, and offered "an injunction to be entered prohibiting Defendants, their employees, agents, representatives, contractors, affiliates and all persons and entities acting in concert with them, from transmitting facsimile advertisements to either of Plaintiffs." *Id.*

Nonetheless, Plaintiffs argue that Defendants' second Offer of Judgment did not offer the named Plaintiffs full monetary relief.  Opp. at 14:17-15:8.  Even at treble the statutory penalties (14 x $1,500 = $21,000) and accepting Plaintiffs' allegations that all of the faxes constituted advertising when on their face they did not, Defendants' Offer of $25,000 exceeded the amount that Plaintiffs could hope to recover in this action. *See* 47 U.S.C. 227(b)(3) (providing that individual may recover actual monetary loss or $1,500 for each violation if defendant willfully or knowingly violated TCPA).  There is no question that the named Plaintiffs are not entitled to $5 million in TCPA statutory damages that they seek in the Complaint (Compl. at 16:23-26) for the ***fourteen*** faxes sent by Defendants.  While Plaintiffs argue that Defendants cannot unilaterally adjudicate how many fax violations were sent to Plaintiffs (Opp. at 13:11-14:3), ***tellingly***, Plaintiffs do not assert that they received any more than fourteen faxes. *See generally* Opp.

---

[2] Defendants' May 20th Offer provided for an amount that would cover any potential prejudgment interest and attorneys' fees.  Nonetheless, it is Defendants' position that attorneys' fees and prejudgment interest are not available under the TCPA. *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014) ("TCPA … does not provide for attorney's fees"); *Kopff v. Roth*, No. 05-798(JDB), 2007 WL 1748918, at *2 (D.D.C. June 15, 2007) (declining to award prejudgment interest in TCPA action).

Moreover, Defendants' offers are consistent with other offers of judgment in TCPA actions that courts have determined have satisfied the named Plaintiffs' individual claims. *See, e.g., Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, No. 09-1444, 2014 WL 3420482, at *3 (E.D. Mich. July 14, 2014) (offer of judgment to pay $1,500 in damages, costs, and agreeing to submit to injunction prohibiting Defendants from sending unsolicited fax ads provided Plaintiff "with all relief that it sought"); *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, No. 09-14959, 2014 WL 4145344, at *3 (E.D. Mich. Aug. 20, 2014) (same); *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("[Defendant] has stipulated to increase its offer to match the maximum number of calls [Plaintiff] believes he can plead, which is nine. [Defendant's] offer of $13,500 fully satisfies [Plaintiff's] damages claim").

Further, contrary to Plaintiffs' argument, the injunctive relief that Defendants offered in their second Offer was sufficient to satisfy Plaintiffs' individual claims for at least three reasons. *See* Opp. at 13:1-5, 14:19-24. <u>First</u>, the fact that Defendants offered that an injunction be entered prohibiting Defendants and their agents from transmitting facsimile advertisements to Plaintiffs satisfied the ***individual*** injunctive relief that the named Plaintiffs sought in the Complaint. <u>Second</u>, the injunctive relief that Plaintiffs claim is missing from Defendants' Offer of Judgment pertains to ***class*** claims for relief, when there is no class at present with whom to settle. <u>Third</u>, under the TCPA, Plaintiffs are only entitled to an injunction to enjoin violations of the TCPA. 47 U.S.C. § 227(b)(3)(A); *see Goans Acquis., Inc. v. Merchant Solutions*, LLC, No. 12-00539-CV-S-JTM, 2013 WL 5408460, at *3-4 (W.D. Mo. Sept. 26, 2013) ("injunctive relief available under the statute is limited to actions to enjoin violations of the TCPA …. [T]he statute does not authorize injunctive relief seeking an unlimited prophylactic prohibition such as that sought by [Plaintiff]"). Plaintiffs are not entitled to the litany of injunctive relief set forth in their Complaint,

such as document productions and notice to absent putative class members.  The Offer of Judgment, therefore, offered Plaintiffs complete relief on their individual claims.

Finally, contrary to Plaintiffs' contention (Opp. at 6:2-9), Plaintiffs' placeholder Protective Motion for Class Certification gives them no refuge from the Supreme Court's ruling in *Campbell-Ewald* because the certified question focuses on whether the plaintiff "receives an offer of complete relief ***before any class is certified***," rather than the timing of a certification motion.  Pet. For Writ of Cert., *Campbell-Ewald*, 2015 WL 241891, at *2 (U.S. Jan. 16, 2015) (emphasis added).

### 3. Plaintiffs Cannot Distinguish The Many Cases Granting Stays Pending The Resolution of *Campbell-Ewald*

Plaintiffs fail to cite a single authority where any district court has denied a request for a stay due to the pendency of *Campbell-Ewald*, and the cases granting stays pending *Campbell-Ewald* are not distinguishable.  *See* Opp. at 12:25-28; *supra* Section II.A.2.  The fact that some parties stipulated to a stay or did not oppose a stay does not support a denial of a stay here – rather, it supports that a stay is warranted.[3]  *See* Opp. at 12:27-28.  Even where parties stipulate to a stay, courts must evaluate the stay and approve any such stay.

Moreover, Plaintiffs cannot distinguish the seven other TCPA actions wherein the courts granted stay pending resolution of *Campbell-Ewald*, even when the plaintiffs opposed.  Opp. at 12:25-28; *see also* Mot. at 17:7-18:8.  Nor can Plaintiffs distinguish the most recent California District Court case staying a TCPA class action in recognition of *Campbell-Ewald*'s potentially dispositive effect.  *See Wolf*

---

[3] It is telling that other plaintiffs' counsel, including plaintiffs' counsel in a significant multi-district litigation (MDL) comprised of more than a dozen class action cases, recognized that a stay is warranted and proposed a stipulation to that effect.  *Mey v. Yellowstone Capital, LLC*, No. 1:15-cv-00854, ECF No. 21 (S.D.N.Y. June 18, 2015); *In re Monitronics Int'l, Inc. Tel. Consumer Prot. Act Litig.*, No. 1:13md2493, ECF No. 459 (N.D. W. Va. June 17, 2015).

*v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2-*3 (N.D. Cal. July 20, 2015).  Indeed, the complaints in these stayed cases sought ***class*** relief that, like Plaintiffs' Complaint, went beyond the ***individual*** relief offered in the defendants' Offer of Judgment.  For example, the Offer of Judgment in *Lyft* offered $1,503 for each text message that the named plaintiff received and an injunction barring Lyft from sending text messages to her, even though the plaintiff demanded monetary damages and injunctive relief for the entire class.  *Compare* Complaint in *Lyft*, ECF No. 1, ¶ 3, 8:24-9:9 (N.D. Cal. Mar. 30, 2015) *with* Offer of Judgment in *Lyft*, ECF No. 31-1, Ex. A (N.D. Cal. June 26, 2015).

Finally, there is no prejudice to Plaintiffs from a stay pending resolution of *Campbell-Ewald* because the length of the requested stay is neither indefinite nor immoderate here.  Given that oral argument in *Campbell-Ewald* is scheduled for October 14, 2015,[4] the Supreme Court's timing in issuing other decisions suggests that the Supreme Court will issue a decision in *Campbell-Ewald* by March 2016.[5]

## B.   A Stay Is Also Appropriate Pending The Supreme Court's Resolution Of *Spokeo*

Plaintiffs cannot adequately distinguish the eight cases cited in Defendants' moving brief granting stays pending *Spokeo*.  Indeed, Plaintiffs concede that at least four of those cases were TCPA class actions.  Opp. at 16:26-27.  Recently, three more district court have stayed actions in recognition of *Spokeo*'s dispositive effect. *See Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711-MCE-DAD, 2015 WL 4602968, at *3 (E.D. Cal. July 29, 2015); *Flores v. Collection Consultants of Cal.*,

---

[4] http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/14-857.htm.

[5] In *AT&T Mobility LLC v. Concepcion* and *Genesis Healthcare Corp. v. Symczyk*, it took the Supreme Court about five months to issue a decision after hearing oral argument.  *See also Boise v. ACE USA, Inc.*, No. 15-Civ-21264, 2015 WL 4077433, at *6 (S.D. Fla. July 6, 2015) ("The Supreme Court … will hear oral argument [on *Campbell-Ewald*] in its upcoming fall Term, which means that a decision is imminent within a year").

1    8:14-cv-00771-DOC-RNB, Dkt. 45 (C.D. Cal. July 27, 2015); *Hillson v. Kelly*

2    *Servs*., No. 2:15-CV-10803-LJM-APP, ECF No. 29 (E.D. Mich. July 15, 2015).

3            Contrary to Plaintiffs' argument that *Spokeo* is inapplicable to TCPA actions

4    (Opp. at 1:25-2:6), the *Spokeo* Plaintiff brought a claim under the Fair Credit

5    Reporting Act, which − similar to the TCPA − provides for statutory damages.

6    *Robins v. Spokeo, Inc.*, No. CV10-05306 ODW (AGRx), 2011 WL 597867, at *1

7    (C.D. Cal. Jan. 27, 2011).  Even the petitioner in *Spokeo* noted in its granted

8    certiorari petition that a decision in *Spokeo* would resolve similar issues under

9    federal statutes, and expressly referenced the TCPA.  *See* Petition for a Writ of

10   Certiorari, *Spokeo*, 2014 WL 1802228, at *16 (May 1, 2014).

11           Plaintiffs' argument − that the fax paper, ink, and use constitute injury-in-fact

12   − misses the point.  *See* Opp. at 16:2-17:2.  Plaintiffs' proposed class is broadly

13   defined as those who were "sent" a fax – as opposed to those who "received" a fax.

14   Compl. ¶ 20.  Under a Supreme Court ruling in favor of Defendants' position in

15   *Spokeo*, putative class members will not be able to show injury. Those who never

16   received a fax and/or whose fax paper and ink were never used have suffered no

17   injury or concrete harm.[6]  This would then lead to mini-trials on whether each class

18   member was injured by Defendants' faxes, rendering this the type of case where

19   class certification typically is not appropriate.  *See Mazza v. Am. Honda Motor Co.,*

20   *Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) ("[N]o class may be certified that contains

21   members lacking Article III standing").  Consequently, the Supreme Court decision

22   in *Spokeo* will raise various individualized inquiries and significantly affect whether

23   class certification is even possible.

24           Plaintiffs' reliance on the outlier decision in *Speer*, which denied a stay

25   pending *Spokeo*, is not appropriate for at least two reasons.  Opp. at 17:3-12 (citing

26

27   _____

     [6] Indeed, with the advances in technology, many people do not receive faxes via fax
28   machines that use up fax paper and toner.  Rather, people receive faxes via e-mail.

*Speer v. Whole Food Mkt. Grp., Inc.*, No. 8:14-cv-3035-T-26TBM, 2015 WL 2061665, at *1 (M.D. Fla. Apr. 29, 2015)).  <u>First</u>, *Speer* was based purely on Eleventh Circuit precedent staying **criminal** executions, rather than the factors similar to *CMAX*.  *Speer*, 2015 WL 2061665, at *1; *see also CMAX* factors in Mot. at 15:1-5 & Opp. at 8:13-18.  Instead of following *Speer*, this Court should follow the Florida District Court's decision in *Boise*, which stayed the action pending *Spokeo* based on the factors similar to the *CMAX* factors.  *Boise*, 2015 WL 4077433, at *2.  <u>Second</u>, the court in *Speer* erred when it concluded a stay is *never* warranted when the Supreme Court has granted certiorari but has not yet decided the case under review.  *Speer*, 2015 WL 2061665, at *1.  That restrictive approach cannot be squared with the numerous cases that Defendants have cited to the contrary, including cases decided in this Circuit.  *Speer* holds no precedential value here.

Finally, there is no prejudice to Plaintiffs from a stay because the length of the requested stay is neither indefinite nor immoderate here.

## C.   A Stay Conserves Judicial And Party Resources And Will Not Prejudice Plaintiffs

If this case were to proceed now, only to have the Supreme Court, all of the time and effort that the parties and this Court would have expended litigating this case will have been for naught.  Judicial economy will be best served by holding this case in abeyance pending guidance from the Supreme Court.

As an initial matter, the mootness question presented in *Campbell-Ewald* goes to this Court's jurisdiction over this case.  As the *Boise* court opined, "[i]t is . . . relevant that . . . [*Campbell-Ewald*] deal[s] with the threshold issues of jurisdiction and whether this case may proceed at all."  *Boise*, 2015 WL 4077433, at *6.  It is beyond debate that requiring Defendants to litigate this case will cause irreparable harm if this Court ultimately lacks jurisdiction.  Indeed, "both parties could be

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

LA01\LEECA\701653.4

1   harmed by the burden of potentially superfluous litigation." *Boise*, 2015 WL
2   4077433, at *6.

3        Plaintiffs do not address the reality that forcing Defendants to undergo the
4   expense of time of full blown discovery pending the resolution of *Campbell-Ewald*,
5   *Spokeo*, and the Waiver Petition would severely prejudice Defendants.  Indeed,
6   courts have stayed actions because the modest harm (if any) of delay in adjudication
7   cannot compare to the unjustifiable waste of time and money that would result from
8   litigating this case before Supreme Court guidance.  *See Kaplan v. AT & T Mobility,*
9   *LLC*, No. CV CAS 10-3594(EX), 2010 WL 4774790, at *1 (C.D. Cal. Sept. 27,
10  2010) ("While the Court recognizes the potential prejudice to the plaintiffs by delay,
11  it finds that prejudice to be far outweighed by the potential prejudice to defendants
12  that would result from the expense of litigating these claims"); *see also Munoz v.*
13  *PHH Corp.*, No. 1:08cv0759 AWI DLB, 2011 WL 4048708, at *4 (E.D. Cal. Sept.
14  9, 2011) (rejecting plaintiff's argument that it would be prejudiced by delay because
15  stay would "reduce the additional expenditure of the parties' time and resources,
16  which is of particular importance if the Supreme Court's decision ultimately
17  disposes of this action").

18       Accordingly, courts have rejected claims of prejudice in this context.  As one
19  court recently explained in staying a TCPA class action pending the resolution of
20  *Campbell-Ewald*, "I see no prejudice in holding this case in abeyance.  Discovery is
21  expensive, and in my experience, it is mostly the attorneys who benefit from these
22  cases." *Fauley v. Royal Canin U.S.A., Inc.*, No. 1:15-cv-02170, 2015 WL 3622542,
23  at *1 (N.D. Ill. May 22, 2015).

24       A similar situation arose just a few years ago when the Supreme Court
25  granted certiorari in *AT&T Mobility LLC v. Concepcion*, 13 S. Ct. 1740 (2011) and
26  an overwhelming majority of courts entered stays pending the outcome of
27  *Concepcion*.  Court after court, including the Central District Court of California,
28

recognized that decisions in *Concepcion* – much like the upcoming decisions in *Campbell-Ewald* and *Spokeo* – would resolve the threshold questions of whether the plaintiffs could bring the action at all. *See, e.g., Cardenas v. AmeriCredit Fin. Servs., Inc.*, No. C 09-04978 SBA, 2011 WL 846070, at *3-5 (N.D. Cal. Mar. 8, 2011) ("orderly course of justice" and "balance of harms" favored stay pending *Conception*); *Cuadras v. MetroPCS Wireless, Inc.*, No. CV 09-0797 CAS (AJWx), 2011 WL 227591, at *2 (C.D. Cal. Jan. 21, 2011) (collecting cases granting stays pending a decision in *Concepcion*, and noting that "the weight of authority appears to be decidedly in favor of granting such stays"); *In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices Litig.*, 864 F. Supp. 2d 451, 454-55 (E.D. La. 2012) (noting court had stayed case pending *Concepcion*); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140 (D. Colo. 2012) (same). Those courts were confronted with the same types of prejudice arguments Plaintiffs assert here, and stayed the cases nonetheless.

In contrast, here, a stay would not prejudice Plaintiffs and the putative class. *See* Opp.at 2:18-20. Plaintiffs have not alleged that they received any further faxes from Defendants after April 30, 2015. *See* Compl. ¶ 3; *see generally* Opp. As a result, Plaintiffs have not made any showing of ongoing harm to themselves. At most, Plaintiffs will experience a modest delay in recovering money, should they ultimately prevail on their claims. *See* Opp. 2:19-22, 22:4-14. A delay in the potential payment of money damages, however, is not considered the type of irreparable harm that would justify denial of a stay.[7] *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962) (delay in monetary recovery *not* sufficient damage

---

[7] Plaintiffs argue that Rule 23 requires certification promptly. Opp. at 22:15-17. It would be a waste of judicial resources to adjudicate certification only to have to reverse course in whole or in part. Additionally, the stay is relevant to potential settlement, as the parties are unable to determine the scope of potential liability without Supreme Court guidance. It is in the public's interest to not hold Defendants accountable to million-dollar potential exposures that do ***not*** exist.

1  to deny stay); *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV 08-

2  5773 JSW, 2009 WL 1010842, at *4 (N.D. Cal. 2009) ("[D]elay in recovering

3  potential monetary damages is not sufficient harm to warrant a stay").

4       Finally, Plaintiffs' suppositional concerns that ESI and other evidence will not

5  be preserved are unfounded.  Opp. at 2:21-23.  As Defendants' counsel has told

6  Plaintiffs' counsel, Defendants have taken the appropriate preservation steps

7  regarding documents and information relevant to Plaintiffs' claims.  *See* Decl. of C.

8  Darryl Cordero In Support Of Opp. to Mot. to Stay, Ex. B (Defendants' July 10,

9  2015 meet and confer email).  Defendants will continue to fulfill their preservation

10 obligations during any stay.  Thus, Plaintiffs' hypothetical fears of spoliation do not

11 support denial of a stay here—if they did, then courts would never stay litigation.

**III.**

**CONCLUSION**

14       For the reasons above and those previously expressed, this Court should stay

15 this case pending the Supreme Court's resolution of *Campbell-Ewald* and *Spokeo*.

17 DATED: August 28, 2015          KELLEY DRYE & WARREN LLP

Lauri A. Mazzuchetti
Lee S. Brenner
Elizabeth D. Silver
Catherine D. Lee

By    /s/ *Lauri A. Mazzuchetti*
          Lauri A. Mazzuchetti
Attorneys for Defendants Essendant Inc.,
(f/k/a United Stationers Inc.), Essendant Co.
(f/k/a United Stationers Supply Co.), and
Lagasse, LLC (now known as Essendant Co.)

13
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION

LA01\LEECA\701653.4