# EXHIBIT A

Federal Communications Commission                    DA 15-976

**Before the**
**Federal Communications Commission**
**Washington, D.C. 20554**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Rules and Regulations Implementing the | )      CG Docket No. 02-278 |
| Telephone Consumer Protection Act of 1991 | ) |
| | ) |
| Junk Fax Prevention Act of 2005 | )      CG Docket No. 05-338 |
| | ) |
| | ) |
| Petitions for Declaratory Ruling and Retroactive | ) |
| Waiver of 47 C.F.R. § 64.1200(a)(4)(iv) | ) |
| Regarding the Commission's Opt-Out Notice | ) |
| Requirement for Faxes Sent with the Recipient's | ) |
| Prior Express Permission | ) |

**ORDER**

Adopted:  **August 28, 2015**                                        Released:  **August 28, 2015**

By the Acting Chief, Consumer and Governmental Affairs Bureau:

## I.   INTRODUCTION

1.        In this Order, the Consumer and Governmental Affairs Bureau (Bureau) follows the Commission's 2014 fax opt-out notice order[1] by addressing more than 100 waiver requests. [2]

---

[1] *See Petition for Declaratory Ruling, Waiver, and/or Rulemaking Regarding the Commission's Opt-Out Requirement for Faxes Sent with the Recipient's Prior Express Permission*, CG Docket Nos. 02-278, 05-338, Order, 29 FCC Rcd 13998 (2014) (*2014 Anda Commission Order*).

[2] *Petition of Allscripts-Misy's Healthcare Solutions, Inc., et al. for Declaratory Ruling and/or Waiver*, CG Docket Nos. 02-278, 05-338 (filed Sept. 30, 2014) (Allscripts Petition); *Petition of Francotyp-Postalia, Inc. for Declaratory Ruling and/or Waiver*, CG Docket Nos. 02-278, 05-338 (filed Oct. 14, 2014) (FP Petition); *Petition of Howmedica Osteonics Corporation, et al. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 7, 2014) (Howmedica Petition); *Petition of Emery Wilson Corporation d/b/a Sterling Management Systems for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 10, 2014) (Emery Petition); *Petition of ACT, Inc. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 12, 2014) (ACT Petition); *Petition of Amicus Mediation & Arbitration Group, Inc., and Hillary Earle for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 13, 2014) (Amicus Petition); *Petition of Alma Lasers, Inc. for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 14, 2014) (Alma Petition); *Petition of Den-Mat Holdings, LLC for Retroactive Waiver*, CG Docket No. 05-338, (filed Nov. 20, 2014) (Den-Mat Petition); *Petition for Retroactive Waiver by ASD Specialty Healthcare Inc., d/b/a Besse Medical, AmerisourceBergen Specialty Group, Inc., and AmerisourceBergen Corp.*, CG Docket No. 05-338 (filed Nov. 20, (continued…)

Exhibit A-4

(Continued from previous page) ————————————

2014) (ASD Petition); *Petition of Apex Energetics, Inc. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 21, 2014) (Apex Petition); *Petition of McKesson Corporation for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Nov. 25, 2014) (McKesson Petition); *Petition of American Association for Justice for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Nov. 28, 2014) (AAJ Petition); *Petition of Sunwing Airlines Inc., Vacation Express USA Corp., and Sunwing Vacations Inc. for Retroactive Waiver*, CG Docket No. 05-338 (filed Nov. 28, 2014) (Sunwing Petition); *Petition of ZocDoc Inc. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Dec. 4, 2014) (ZocDoc Petition); *Petition of J.L. Barnes Insurance Agency, Inc. d/b/a JLBG Health for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Dec. 5, 2014) (JLBG Petition); *Petition of St. Luke's Center for Diagnostic Imaging, LLC for Retroactive Waiver*, CG Docket No. 05-338 (filed Dec. 8, 2014) (St. Luke Petition); *Petition of  CDI Open MRI of Missouri, LLC for Retroactive Waiver*, CG Docket No. 05-338 (filed Dec. 8, 2014) (CDI Petition); *Petition of  Senco Brands, Inc. for Waiver*, CG Docket No. 05-338 (filed Dec. 11, 2014) (Senco Petition); *Petition of EatStreet, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Dec. 12, 2014) (EatStreet Petition); *Petition of Henry Schein, Inc. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Dec. 17, 2014) (Schein Petition); *Petition of  Philadelphia Consolidated Holding Corp. et al. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Dec. 19, 2014) (PCH Petition); *Petition of SME, Inc. USA d/b/a Superior Medical Equipment for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Dec. 29, 2014) (SME Petition); *Petition of Dental Solutions, Inc. d/b/a Hogan Dental Laboratory for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Dec. 31, 2014) (Dental Solutions Petition); *Petition of A-S Medication Solutions, LLC for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules and/or Declaratory Ruling*, CG Docket Nos. 02-278, 05-338 (filed Jan. 5, 2015) (A-S Petition); *Petition of Surefire Fulfillment Services, Inc. d/b/a Surefire Health and Gary Mills for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Jan. 6, 2015) (Surefire Petition); *Petition of Social UPS, LLC, et. al for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Jan. 8, 2015) (Social UPS Petition); *Petition of Medversant Technologies, LLC for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Jan. 8, 2015) (Medversant Petition); *Petition of Andrew Lichtenstein, Inc. d/b/a Lichtensteinre d/b/a Doctormortgage.com and Andrew Lichtenstein for Waiver of Rule 64.1200(a)(3)(iv)*, CG Docket No. 05-338 (filed Jan. 15, 2015) (Lichtenstein Petition); *Petition of Zoetis Inc., et al. for Retroactive Waiver, or in the Alternative, for Declaratory Ruling*, CG Docket Nos. 02-278, 05-338 (filed Jan. 16, 2015) (Zoetis Petition); *Petition of RadNet Management, Inc., et al., for Retroactive Waiver of 47 C.F.R.§ 64.1200(a)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Jan. 16, 2015) (RadNet Petition); *Petition of Houghton Mifflin Harcourt Publishers, Inc., et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Jan. 20, 2015) (Houghton Petition); *Petition of Grey House Publishing, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Jan. 22, 2015) (Grey Petition); *Petition for Waiver of American Institute for Foreign Study, Inc.*, CG Docket Nos. 02-278, 05-338 (filed Jan. 23, 2015) (AIFS Petition); *Petition for Waiver of EXP Pharmaceutical Services Corp.*, CG Docket Nos. 02-278, 05-338 (filed Jan. 23, 2015) (EXP Petition); *Petition of Dongili Investment Group, Inc., et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket No. 05-338 (filed Jan. 23, 2015) (Dongili Petition); *Petition for Waiver of Premier Healthcare Exchange, Inc., et al.*, CG Docket Nos. 02-278, 05-338 (filed Jan. 23, 2015) (PHX Petition); *Petition of Creditsmarts Corp for Waiver of 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Jan. 29, 2015) (Creditsmarts Petition); *Petition of Water Cannon, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Feb. 9, 2015) (Water Cannon Petition); *National Pen Co. LLC and National Pen Holdings, LLC's Petition for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Feb. 13, 2015) (National Pen Petition); *Petition of Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim Corporation for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Feb. 25, 2015) (Boehringer Petition); *Petition of Healthways, Inc. and Healthways WholeHealth Networks, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Mar. 2, 2015) (Healthways Petition); *Petition of Park Surgical Company, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Mar. 3, 2015) (Park Surgical Petition); *Petition of USI, Inc. for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Mar. 11, 2015)(USI Petition); *Petition of Esaote North America, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Mar. 12, 2015) (Esaote Petition); *Petition of Big Hairy Dog Information Systems and Retail Pro International, LLC* for Waiver, CG Docket Nos. 02-278, 05-338 (filed Mar. 12, 2015) (Dog Petition); *Petition* (continued…)

2

(Continued from previous page) ————————————————

*of Prodigy Diabetes Care, LLC for Retroactive Waiver of 47 C.F.R. § 64.122(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Mar. 12, 2015) (Prodigy Petition); *Petition of Solutions on Hold, LLC, d/b/a/ Dentistry on Hold for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Mar. 13, 2015) (Solutions Petition); *Petition of Kirby Lester, LLC for Retroactive Waiver,* CG Docket Nos. 02-278, 05-338 (filed Mar. 16, 2015) (Kirby Petition); *Petition of Consumer Energy Solutions, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Mar. 26, 2015) (Consumer Energy Petition); *Petition of Practice Recruiters, LLC f/k/a Practice Recruiters Incorporated, et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Mar. 27, 2015) (Practice Recruiters Petition); *Petition of Industrial Packaging Supplies, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules,* CG Docket Nos. 02-278, 05-338 (filed Apr. 3, 2015) (IPS Petition); *Petition of American Health Service Sales Corporation for Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 6, 2015) (American Health Petition); *Petition of Virtuox, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 6, 2015) (Virtuox Petition); *Petition of Financial Carrier Services, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 7, 2015) (FCS Petition); *Petition of Nomax, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules,* CG Docket Nos. 02-278, 05-338 (filed Apr. 13, 2015) (Nomax Petition); *Petition of Heska Corporation for Waiver,* CG Docket Nos. 02-278, 05-338 (filed Apr. 14, 2015) (Heska Petition); *Petition of Odyssey Services, Inc. for Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 14, 2015) (Odyssey Petition); *Petition of GE Healthcare, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 15, 2015) (GE Healthcare Petition); *Petition of American Power & Gas, LLC, et al. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Apr. 17, 2015) (AP&G Petition); *Petition of Competitive Health, Inc. and First Access, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 17, 2015) (Competitive Health Petition); *Petition of Jay Geier's Schedule Institute for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 20, 2015) (Geier Petition); *Petition of Kaberline Healthcare Informatics, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 22, 2015) (Kaberline Petition); Petition of *Logistic Innovations, LLC for Retroactive Waiver of 47 C.F.R § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 24, 2015) (Logistic Petition); *Petition of CCI Investments, LLC, d/b/a CareWorks Consultants, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 27, 2015) (CCI Petition); *Petition of Saratoga Aesthetics, LLC for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 27, 2015) (Saratoga Petition); *Petition of Royal Canin U.S.A., Inc. for Retroactive Waiver of 47 C.F.R § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 27, 2015) (Royal Canin Petition); *Petition of Salix Pharmaceuticals, Inc. and Salix Pharmaceuticals, Ltd. for Retroactive Waiver of 47 C.F.R § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 27, 2015) (Salix Petition); *Petition of Cephalon, Inc., et al. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (Cephalon Petition); *Petition of Five-M Software Systems Corporation for Waiver*, GC Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (Five-M Petition); *Petition of Valeant Pharmaceuticals North America, LLC for Waiver of 47 C.F.R. § 64.1200(a)(iv)(4)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (Valeant Petition); *Petition of Navinet, Inc. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (Navinet Petition); *Petition of First Index, Inc. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (First Index Petition); *Petition of Integrated Pain Management, S.C., et al. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (IPM Petition); *Petition of Electronic Funds Source LLC for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (EFS Petition); *Petition of TruckersB2B, LLC for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Apr. 28, 2015) (Truckers Petition); *Petition of Graduation Source, LLC and Graduation Solutions LP for Retroactive Waiver*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Graduation Petition); *Petition of American Homepatient, Inc. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Homepatient Petition); *Petition of International Dental Supply Co. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Intnt'l Dental Petition); *Petition of Electrical Enlightenment, Inc. and the Enlightenment Companies for Retroactive Waiver of 47 C.F.R. § 64.122(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (EEI (continued…)

(Continued from previous page) ——————————————

Petition); *Petition of Versa Cardio, LLC for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Versa Petition); *Petition of Wells Fargo & Company for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Wells Fargo Petition); *Petition of ChappellRoberts, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (ChappellRoberts Petition); *Petition of UBM LLC for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (UBM Petition); *Petition of Direct Energy Services, LLC, et al. for Retroactive Waiver of 42[sic] C.F.R. §64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Direct Energy Petition); *Petition of Smith Nephew, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Smith Petition); *Petition of Microwize Technology, Inc. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Microwize Petition); *Petition of MedTech Imagining, Inc. for Waiver of Section 64.1200(a)(4)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (MedTech Petition); *Petition of 2217044 Ontario Inc., et al. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Ontario Petition); *Petition of Greenway Health, LLC for Retroactive Waiver of 47 C.F.R. § 64.1200 (a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 29, 2015) (Greenway Petition); *Petition of CVS Health Corporation and Caremark, L.L.C. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (CVS Petition); *Petition of Free Continuing Education Association, LLC d/b/a FCEA, et al. for Waiver of Section 64.1200(a)(iv)(4) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (FCEA Petition); *Petition of Sinopec USA, Inc. for Retroactive Waiver of 47 C.F.R. § 12.00(a)(4)(iv)*, CG Docket No. 05-338 (filed Apr. 30, 2015) (Sinopec Petition); *Petition of Henry Schein Practice Solutions, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(iv)(4)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Schein PS Petition); *Petition of Be-Thin, Inc. and Keven Eberly for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Be-Thin Petition); *Petition of Diagnostic Imaging Holdings, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket No. 05-338 (filed Apr. 30, 2015) (DIH Petition); *Petition of Insight Health Services Holdings Corp. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket No. 05-338 (filed Apr. 30, 2015) (Insight Petition); *Petition of McAllister Software Systems, LLC for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (McAllister Petition); *Petition of Dental Resource Systems, Inc., et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (DRS Petition); *Petition of Management Information Technology Corp., et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (MITC Petition); *Petition of Hoffman Pizza, Inc. and Glen Spiegler for Retroactive Waiver of 47 C.F.R. § 1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Hoffman Petition*); Petition of American Capital Group and Carl Heaton for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (ACG Petition); *Petition of Websolv Computing, Inc. and Uday Om Ali Pabrai for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Websolv Petition); *Petition of Trinity Physician Financial & Insurance Services and Joseph Hong for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Trinity Petition); *Petition of C&T Pizza, et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (C&T Petition); *Petition of Stryker Lubricant Distributors, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Stryker Petition); *Petition of Zydus Pharmaceuticals (USA), Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Zydus Petition); *Petition of Rehab Missouri, LLC d/b/a Rehab Xcel, et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Rehab Petition); *Petition of Business Financial Services, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (BFS Petition); *Petition of Key Health Group, Inc., et al. for Waiver*, CG Docket Nos. 02-278, 05-338 (filed Apr. 30, 2015) (Key Petition); *Petition of Endo Pharmaceuticals, Inc., et al. for Retroactive Waiver of [47] C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed Apr. 27, 2015) (Endo Petition); *Petition of AEP Energy, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed May 7, 2015) (AEP Petition); *Petition of United Stationers Inc., et al. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05- (continued…)

Specifically, we grant waivers to parties similarly-situated to the initial waiver recipients granted relief by the Commission due to uncertainty whether the opt-out notice requirement applies to faxes sent with recipient consent.[3]  At the same time, we reiterate that the rule remains in full effect as an easy, cost-free means for fax recipients to avoid faxes they previously wanted but no longer wish to receive.  In the *2014 Anda Commission Order* we clarified the rule and explained the waiver granted therein would not apply to faxes sent more than six months from the release date of the order.[4]  We thus emphasize that the recipients of the waivers granted herein should already be in compliance having benefited from the Commission's previous clarification.

2.      We also deny several related requests for declaratory ruling[5] insofar as they seek a ruling that the Commission lacked the statutory authority to require opt-out information on fax ads sent with a consumer's prior express permission, or, alternatively, that section 227(b) of the Communications Act of 1934, as amended (the Act), was not the statutory basis of that requirement.  The Commission has previously denied substantially similar requests.[6]  Finally, we deny the petition for declaratory ruling and/or waiver filed by Bijora, Inc.,[7] seeking a clarification that fax and text message ads sent with the prior express consent of the recipient do not require an opt-out notice.

## II.  BACKGROUND

### A.      Telephone Consumer Protection Act

3.      In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA).[8]  In relevant part, the TCPA prohibits the use of any telephone facsimile (fax) machine, computer, or other device to

(Continued from previous page) ——————————————————

338 (filed May 18, 2015) (Stationers Petition); *Petition of Business Promotion LLC for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed May 20, 2105) (Business Promotion Petition); *Petition of Meadowbrook Insurance Group, Inc. and Meadowbrook, Inc. for Waiver of Section 64.1200(a)(4)(iv) of the Commission's Rules*, CG Docket Nos. 02-278, 05-338 (filed May 29, 2015) (Meadowbrook Petition); *Petition of Northwood, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed June 2, 2015) (Northwood Petition); *Petition of Joseph T. Ryerson & Son, Inc. for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed June 4, 2015) (Ryerson Petition); *Petition of Reliant Services Group, LLC d/b/a Reliant Funding for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)*, CG Docket Nos. 02-278, 05-338 (filed June 16, 2015) (Reliant Petition) (collectively Petitioners).

[3] The petitioners do not seek a waiver of a similar requirement that they include an opt-out notice on fax ads sent pursuant to an established business relationship as there is no confusion regarding the applicability of this requirement to such faxes.  *See* 47 C.F.R. § 64.1200(a)(4)(iii).  We also note that this waiver does not affect the prohibition against sending unsolicited fax ads, which has remained in effect since its original effective date.  *See* 47 C.F.R. § 64.1200(a)(4).

[4] *See 2014 Anda Commission Order*, 29 FCC Rcd at 14011, para. 29.

[5] *See Petition of Bijora, Inc. for Declaratory Ruling and/or Waiver*, CG Docket No. 05-338 (filed Oct. 7, 2014) (Bijora Petition) at 1, 2, 6, 10; Allscripts Petition at1-2, 5, 7-9; FP Petition at 3-7; A-S Petition at 9-12; Zoetis Petition at 6-7; AIFS Petition at 4; Five-M Petition at 4; Reliant Petition at 2.

[6] *See 2014 Anda Commission Order*, 29 FCC Rcd at 14004, para. 14.

[7] *See* Bijora Petition.

[8] The TCPA is codified as section 227 of the Act, 47 U.S.C. § 227.

Exhibit A-8

send an "unsolicited advertisement" to a telephone fax machine.[9]  In 1992, the Commission adopted rules implementing the TCPA, including restrictions on the transmission of unsolicited fax ads by fax machines.[10]

4.      In 2005, Congress enacted the Junk Fax Prevention Act, which amended the fax advertising provisions of the TCPA.[11]  Among other things, the law:  (1) codified an established business relationship (EBR) exemption to the prohibition on sending unsolicited fax ads;[12] (2) provided a definition of EBR to be used in the context of unsolicited fax ads;[13] (3) required the sender of an unsolicited fax ad to provide specified notice and contact information on the fax that allows recipients to "opt out" of any future fax transmissions from the sender;[14] and (4) specified the circumstances under which a request to "opt out" complies with the Act.[15]  In 2006, the Commission adopted the *Junk Fax Order* amending the rules concerning fax transmissions as required by the Junk Fax Prevention Act and addressing certain issues raised in petitions for reconsideration concerning the Commission's fax advertising rules.[16]  As part of that Order, the Commission adopted a rule that required that a fax advertisement "sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice."[17]  A summary of the *Junk Fax Order* was published in the Federal Register on May 3, 2006.[18]

**B.      The Anda Proceeding**

5.      In 2010, Anda, Inc. (Anda) sought a declaratory ruling on the opt-out rule as applied to fax ads sent with recipient consent.  Specifically, Anda asked the Commission to find that:  (1) it lacked any authority to adopt a rule requiring an opt-out notice on fax ads sent with the recipient consent; or (2)

---

[9]  47 U.S.C. § 227(b)(1)(C).  As the legislative history explained, because fax machines "are designed to accept, process, and print all messages which arrive over their dedicated lines," fax advertising imposes burdens on unwilling recipients that are distinct from the burdens imposed by other types of advertising.  *See* H.R. Rep. No. 317, 102d Cong., 1st Sess. 11 (1991).

[10]  *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Report and Order, 7 FCC Rcd 8752 (1992) (*1992 TCPA Order*); *see also* 47 C.F.R. § 64.1200(a)(4).

[11]  *See* Junk Fax Prevention Act of 2005, Pub. L. No. 109-21, 119 Stat. 359 (2005) (Junk Fax Prevention Act).

[12]  *See id.* sec. 2(a).

[13]  *See id.* sec. 2(b).

[14]  *See id.* sec. 2(c).

[15]  *See id.* sec. 2(d).

[16]  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Report and Order and Third Order on Reconsideration, 21 FCC Rcd 3787 (2006) (*Junk Fax Order*).

[17]  47 C.F.R. § 64.1200(a)(4)(iv); *see also Junk Fax Order*, 21 FCC Rcd at 3812, para. 48.

[18]  *See* 71 FR 25967 (May 3, 2006).

Federal Communications Commission                                    DA 15-976

in the alternative, section 227(b) of the Act is not the statutory basis for the rule.[19]  In 2012, the Bureau
dismissed Anda's petition[20] finding that the Commission had the authority to adopt the rule and section
227(b) (part of the TCPA) was in fact part of that authority.[21]  The Bureau also found that the
Commission had clearly set forth the rule's requirement and found no controversy to terminate or
uncertainty to remove.[22]

6.      Anda sought Commission review of the Bureau decision, reiterating its earlier arguments
that the Commission lacked authority to adopt the rule or, alternatively, that the TCPA was not the basis
for the rule.[23]  After Anda filed its Application for Review, a number of parties filed petitions seeking
various forms of relief.  In general, these petitioners contended that there is controversy and uncertainty
over the scope of and statutory basis for the rule and that the Commission offered confusing and
conflicting statements regarding the applicability of the rule to solicited faxes.[24]

7.      On October 30, 2014, the Commission denied Anda's Application for Review, affirming
that the Commission's rules require opt-out notices to appear on all fax ads, and granting limited
retroactive waivers to petitioners.[25]  Specifically, the Commission found that the record indicated that a
footnote contained in the *Junk Fax Order* caused confusion regarding the applicability of the opt-out
notice requirement to faxes sent to recipients who provided prior express permission.[26]  As a result, the
Commission found that good cause existed to grant limited retroactive waivers to those petitioners who
sent fax ads to recipients who had provided prior express consent to receive them.[27]  The Commission
emphasized that full compliance with the rule would be required within six months from the release of the
Order (*i.e.*, April 30, 2015).[28]  The Commission stated that similarly situated parties could seek similar
waivers.[29]

---

[19] *See generally Junk Fax Prevention Act of 2005, Petition for Declaratory Ruling to Clarify that 47 U.S.C. §
227(b) Was Not the Statutory Basis for Commission's Rules Requiring an Opt-Out Notice for Fax Advertisements
Sent with Recipient's Prior Express Consent*, CG Docket No. 05-338, Order, 27 FCC Rcd 4912 (CGB 2012) (*2012
Anda Order*).

[20] *See id.*

[21] *See id.* at 4914, para. 5.

[22] *See id.*

[23] *See* Application for Review filed by Anda, Inc., CG Docket No. 05-338, May 14, 2012 at 10-13.

[24] *See* 2014 *Anda Commission Order,* 29 FCC Rcd at 14002, para. 10.

[25] *See generally 2014 Anda Commission Order.*

[26] *See id.* at 14008-12, paras. 22-31.

[27] *See id.* at 14010- 12, paras. 26-28.

[28] *See id.* at 14011, para. 29.

[29] *See id.* at 14011-12, para. 30.

Exhibit A-10

Federal Communications Commission                           DA 15-976

### C.   Petitions for Retroactive Waiver of 47 C.F.R. § 64.1200(a)(4)(iv)

8.   Since the release of the *2014 Anda Commission Order*, additional petitions[30] have been filed seeking waiver of the rule.[31]  In general, these petitioners contend they are similarly situated to the petitioners who received a waiver in the *2014 Anda Commission Order*.[32]  Specifically, they assert that there was confusion caused by the seemingly contradictory statements contained in a footnote in the *Junk Fax Order* and the rule[33] and, as a result, they sent faxes without compliant opt-out provisions to recipients who had previously provided permission or consent to receive them.[34]

---

[30] 117 petitions for waiver were filed through June 23, 2015.  Additional petitions raising similar issues have since been filed and will be addressed separately.

[31] *See supra* n.2.

[32] *See* Allscripts Reply Comments at 6-7; Howmedica Petition at 3; ACT Petition at 5; Alma Petition at 2, 4; Den-Mat Petition at 2, 7; ASD Petition at 5; Apex Petition at 3; McKesson Petition at 1, 4; AAJ Petition at 3; Sunwing Petition at 5-6; ZocDoc Petition at 3; JLBG Petition at 3; St. Luke Petition at 2, 7; CDI Petition at 2; Senco Petition at 2; EatStreet Petition at 3; Schein Petition at 3; PCH Petition at 5; SME Petition at 3-4; Dental Solutions Petition at 3, 6; A-S Petition at 5, 6; Surefire Petition at 2; Social UPS Petition at 4, 7; Medversant Petition at 1, 4; Lichtenstein Petition at 3, 5; Zoetis Petition at 2; RadNet Petition at 2, 4; Houghton Petition at 6; Grey Petition at 4; AIFS Petition at 4; EXP Petition at 4; Dongili Petition at 3; PHX Petition at 4; Creditsmarts Petition at 7; Water Cannon Petition at 7 National Pen Petition at 4, 6; Boehringer Petition at 1, 3; Healthways Petition at 2, 4; Park Surgical Petition at 5, 7; USI Petition at 2, 5; Esaote Petition at 3; Dog Petition at 2; Prodigy Petition at 2; Solutions Petition at 1; Kirby Petition at 2, 5; Consumer Energy Petition at 3; Practice Recruiters Petition at 3; IPS Petition at1, 6 ; American Health Petition at 4; Virtuox Petition at 6; FCS Petition at 5, 6; Nomax Petition at 1; Heska Petition at 3; Odyssey Petition at 1-2; GE Healthcare Petition at 3; AP&G Petition at 4; Competitive Health Petition at 2, 4; Geier Petition at 1, 4; Kaberline Petition at 1; Logistic Petition at 1; CCI Petition at 2; Saratoga Petition at 3, 10; Royal Canin Petition at 1, 5; Salix Petition at 3; Cephalon Petition at 7; Five-M Petition at 4; Valeant Petition at 5; Navinet Petition at 5; First Index Petition at 2, 5; IPM Petition at 2, 4; EFS Petition at 3; Truckers Petition at 3; Graduation Petition at 5; Homepatient Petition at 2, 4-5; Intnt'l Dental Petition at 4; EEI Petition at 2; Versa Petition at 3; Wells Fargo Petition at 3; ChappellRoberts Petition at 6; UBM Petition at 1, 5; Direct Energy Petition at 2, 4; Smith Petition at 2; Microwize Petition at 6; Ontario Petition at 2, 5; Greenway Petition at 4, 4; CVS Petition at 1; FCEA Petition at 2, 6; Sinopec Petition at 3; HSPS Petition at 3; Be-Thin Petition at 2; DIH Petition at 3, 7; Insight Petition at 3, 7; McAllister Petition at 3; DRS Petition at 3; MITC Petition at 3; Hoffman Petition at 3; ACG Petition at 3; Websolv Petition at 3; Trinity Petition at 3; C&T Petition at 3; Stryker Petition at 5; Zydus Petition at 5; Rehab Petition at 4; BFS Petition at 1, 3; Key Petition at 3-4; Endo Petition at 4, 5; AEP Petition at 2, 4; Stationers Petition at 7; Meadowbrook Petition at 2; Northwood Petition at 2, 5; Ryerson Petition at 4; Reliant Petition at 4.

[33] *See* Allscripts Petition at 6-7; FP Petition at 2, 4; Howmedica Petition at 2-3; Emery Petition at 6; ACT Reply Comments at 6; Amicus Petition at 2, 5; Alma Petition at 4; Den-Mat Petition at 2, 6-7; ASD Petition at 5; Apex Petition at 3; McKesson Petition at 3-4, 8; AAJ Petition at 3; Sunwing Petition at 6; ZocDoc Petition at 3-4; JLBG Petition at 3; St. Luke Petition at 4, 7; CDI Petition at 3-4, 7 ; Senco Petition at 6-7; EatStreet Petition at 5, 6; Schein Petition at 3, 4; PCH Petition at 5; SME Petition at 4; Dental Solutions Petition at 2, 3-4; A-S Petition at 6, 8; Surefire Petition at 4; Social UPS Petition at 6, 7; Medversant Petition at 4; Lichtenstein Petition at 5, 7; Zoetis Petition at 4, 5; RadNet Petition at 3; Houghton Petition at 2; Grey Petition at 6, 8; EXP Petition at 3, 4; Dongili Petition at 3-4; PHX Petition at 3, 4; Creditsmarts Petition at 6; Water Cannon Petition at 6; National Pen Petition at 7; Boehringer Petition at 1, 3; Healthways Petition at 4; Park Surgical Petition at 6, 7; USI Petition at 5, 6; Esaote Petition at 3-4; Dog Petition at 6, 7; Prodigy Petition at 3-4; Solutions Petition at 4; Kirby Petition at 5; Consumer Energy Petition at 3; Practice Recruiters Petition at 3; IPS Petition at 4, 5; American Health Petition at 3-4, 6; Virtuox Petition at 6; FCS Petition at 6; Nomax Petition at 3; Heska Petition at 2, 3; Odyssey Petition at 7, 8; GE Healthcare Petition at 2, 3; AP&G Petition at 3, 4; Competitive Health Petition at 4, 5; Geier Petition at 4, 5; Kaberline Petition at 6; Logistic Petition at 4; CCI Petition at 4-5, 6; Saratoga Petition at 3, 5; Royal Canin Petition (continued…)

8

**Federal Communications Commission**      **DA 15-976**

(Continued from previous page) ————————————————

at 5, 6; Salix Petition at 3; Cephalon Petition at 5; Valeant Petition at 3-4; Navinet Petition at 1-2, 5, 6; First Index Petition at 1-2, 5; IPM Petition at 2, 5; EFS Petition at 2, 3, 4; Truckers Petition at 2, 3, 4; Graduation Petition at 5, 6-7; Homepatient Petition at 3-4, 5, 6; Intnt'l Dental Petition at 1, 4, 5; EEI Petition at 3; Versa Petition at 3; Wells Fargo Petition at 4; ChappellRoberts Petition at 6-7; UBM Petition at 1-2, 5-6; Direct Energy Petition at 4-5, 6; Smith Petition at 3, 5; Microwize Petition at 5; MedTech Petition at 2; Ontario Petition at 2, 5-6; Greenway Petition at 4-5; CVS Petition at 4-5; FCEA Petition at 2, 8; Sinopec Petition at 3; HSPS Petition at 2, 3; Be-Thin Petition at 4, 5-6; DIH Petition at 4-5, 7; Insight Petition at 4-5, 7; McAllister Petition at 2, 3; DRS Petition at 3, 4; MITC Petition at 3, 4; Hoffman Petition at 3, 4; ACG Petition at 3, 4; Websolv Petition at 3, 4; Trinity Petition at 3, 4; C&T Petition at 3, 4; Stryker Petition at 2-3, 5; Zydus Petition at 4, 5; Rehab Petition at 2-3, 4; BFS Petition at 3-4; Key Petition at 2, 3, 4; Endo Petition at 5, 6; AEP Petition at 3, 5; Stationers Petition at 7, 8; Business Promotion Petition at 5-6; Meadowbrook Petition at 6-7; Northwood Petition at 6-7; Ryerson Petition at 4; Reliant Petition at 6, 7.

[34] *See* Allscripts Petition at 2, 10; FP Petition at 1, 5, 8; Howmedica Petition at 1, 4; Emery Petition at 4, 5; ACT Petition at 4; Amicus Petition at 3-4, 5; Alma Petition at 3, 4; Den-Mat Petition at 2, 4; ASD Petition at 4, 5; McKesson Petition at 5; AAJ Petition at 3; Sunwing Petition at 4, 5; ZocDoc Petition at 2, 3; JLBG Petition at 2, 3; St. Luke Petition at 4-7; CDI Petition at 2, 4-5; Senco Petition at 1, 4; EatStreet Petition at 6; Schein Petition at 1, 3, 4; PCH Petition at 2, 3, 5; SME Petition at 1, 4; Dental Solutions Petition at 2, 6; A-S Petition at 6; Surefire Petition at 1, 4; Social UPS Petition at 5, 7; Medversant Petition at 4; Zoetis Petition at 3, 5; RadNet Petition at 1; Houghton Petition at 1; Grey Petition at 2, 6, 7; AIFS Petition at 3; EXP Petition at 2-63; Dongili Petition at 3; PHX Petition at 2, 3; Creditsmarts Petition at 5, 6; Water Cannon Petition at 2, 5, 6; National Pen Petition at 6; Boehringer Petition at 1, 4; Healthways Petition at 4; Park Surgical Petition at 2, 6, 7; USI Petition at 6-7; Dog Petition at 1-2; Prodigy Petition at 1; Solutions Petition at 1, 2; Kirby Petition at 1, 5; Consumer Energy Petition at 3; Practice Recruiters Petition at 1; IPS Petition at 1, 5; American Health Petition at 1, 4, 5; Virtuox Petition at 5, 6; FCS Petition at 5, 6; Nomax Petition at 1; Heska Petition at 2; Odyssey Petition at 8; GE Healthcare Petition at 1, 4; AP&G Petition at 2, 4; Competitive Health Petition at 1, 4; Geier Petition at 1, 4; Kaberline Petition at 1, 5; Logistic Petition at 1; CCI Petition at 1, 6; Saratoga Petition at 1, 2, 5; Royal Canin Petition at 6; Salix Petition at 1; Cephalon Petition at 1, 6; Five-M Petition at 3; Valeant Petition at 1; Navinet Petition at 1, 5; First Index Petition at 1, 2, 5; IPM Petition at 2, 5; EFS Petition at 2; Truckers Petition at 2; Graduation Petition at 6; Homepatient Petition at 2, 5; Intnt'l Dental Petition at 1, 2, 5; EEI Petition at 2, 3; Versa Petition at 1; Wells Fargo Petition at 1; ChappellRoberts Petition at 1, 6; UBM Petition at 1, 2, 5; Direct Energy Petition at 1; Smith Petition at 1; Microwize Petition at 1, 5; MedTech Petition at 1, 4; Ontario Petition at 1; Greenway Petition at 1; CVS Petition at 1; FCEA Petition at 1; Sinopec Petition at 4; HSPS Petition at 1; Be-Thin Petition at 1; DIH Petition at 1, 6; Insight Petition at 1, 5, 6; McAllister Petition at 1; DRS Petition at 4; MITC Petition at 4; Hoffman Petition at 4; ACG Petition at 4; Websolv Petition at 4; Trinity Petition at 4; C&T Petition at 4; Stryker Petition at 1, 5; Zydus Petition at 4, 5; Rehab Petition at 1; BFS Petition at 1; Key Petition at 3, 4; Endo Petition at 2, 4; AEP Petition at 1, 4; Stationers Petition at 5, 9; Business Promotion Petition at 1, 2, 4; Meadowbrook Petition at 1; Northwood Petition at 1; Ryerson Petition at 1; Reliant Petition at 1.

9

9.    The Commission sought comment on the petitions.[35]  Individual and corporate consumers filed comments opposing the petitions.[36]  Opponents of the petitions generally argue that the current petitioners are not similarly situated to the initial waiver recipients because:  (1)  they have not and/or cannot establish that they received the prior express permission or consent of fax recipients prior to sending fax advertisements,[37] and/or (2) they do not specifically assert that they were, in fact, confused[38] or that the source of their purported confusion was the two factors outlined in the *2014 Retroactive Waiver Order* – inconsistency between a footnote and the rule and lack of adequate notice.[39]  In addition, several commenters reiterate arguments raised prior to the release of the *2014 Anda Commission Order* and argue that the Commission does not have authority to waive its regulations in a private right of action and that doing so violates the separation of powers.[40]    In response to these arguments, commenters reiterate the Commission's holding that granting the waiver petitions does not imply that faxers received

---

[35] *See Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 14-1598 (rel. Nov. 4, 2014); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 14-1717 (rel. Nov. 28, 2014); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 14-1902 (rel. Dec. 30, 2014); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-130 (rel. Jan. 30, 2015); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-264 (rel. Feb. 27, 2015); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-379 (rel. Mar. 27, 2015); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-555 (rel. May 8, 2015); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-646 (rel. May 29, 2015); *Consumer and Governmental Affairs Bureau Seeks Comment on Petitions Concerning the Commission's Rule on Opt-Out Notices on Fax Advertisements*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 15-761 (rel. Jun. 26, 2015).

[36] A list of commenters can be found in Appendix A.

[37] *See* PHI Comments at 13; Simon Feb. 13, 2015 Comments regarding Medversant Petition at 18; Simon Feb. 13, 2015 Comments regarding RadNet Petition at 20; Simon Apr. 10, 2015 Comments at 20; St. Louis Comments at 5; Craftwood II Comments at 19-20.

[38] *See* Arwa Comments at 4; Degnen Comments at 4; Connector Comments at 3.

[39] *See* TCPA Plaintiffs Dec. 12, 2014 Comments at 34-35, 36-37; PHI Comments at 13; Simon Feb. 13, 2015 Comments regarding Medversant Petition at 21; Simon Feb. 13, 2015 Comments regarding RadNet Petition at 23; Simon Apr. 10, 2015 Comments at 23; Rhea Apr. 9, 2015 Comments at 4; Rhea May 22, 2015 Comments at 4; TCPA Plaintiffs Apr. 10, 2015 Comments at 14; TCPA Plaintiffs June 12, 2015 Comments at 13; Craftwood II Comments at 21.

[40] *See* TCPA Plaintiffs Dec. 12, 2014 Comments at 23, 30; TCPA Plaintiffs Jan. 13, 2015 Comments at 19, 40; Craftwood Comments at 10-13; PHI Comments on A-S Petition at 9; Simon Comments on Medversant Petition at 8, 10; Simon Comments on RadNet Petition at 8, 11; Hicklin Comments at 8; TCPA Plaintiffs Apr. 10, 2015 Comments at 10; P&S Comments at 4; TCPA Plaintiffs May 22, 2015 Comments at 5; Alco Comments at 4; TCPA Plaintiffs June 12, 2015 Comments at 9; Craftwood II Comments at 10, 12.

permission prior to sending the faxes; the issue of permission is best left to the trier of fact.[41] Commenters supporting the petitions also argue that a showing of actual confusion is not required – a reference to the confusion is sufficient as the Commission already found that confusion in the marketplace did exist.[42]

### D.        Bijora, Inc. Petition for Declaratory Ruling and/or Waiver

10.       On October 7, 2014, Bijora Inc. (Bijora) filed a petition seeking a declaratory ruling that Section 64.1200(a)(4)(iv) does not apply to fax or text message ads sent with the recipient's consent or, alternatively, that the TCPA is not the statutory basis for the rule.[43]   Section 64.1200(a)(4)(iv) requires that fax advertisements sent with the recipient's prior express consent must include an opt-out notice with the content specified by the Commission's rule.[44]   Bijora states that it is a defendant in a class action lawsuit in which the plaintiff purportedly asserts that it violated the TCPA by sending text ads without an opt-out notice.[45]   Bijora also requests a retroactive waiver to the extent that the Commission declines to issue the declaratory ruling requested.[46]   The Commission sought comment on the petition.[47]   Two commenters oppose the petition arguing that there is no controversy or uncertainty to resolve as the rule at

---

[41] *See* Allscripts Reply Comments at 9; Senco Reply Comments at 7; Dental Solutions Reply Comments at 2; Medversant Reply Comments at 6; RadNet Reply Comments at 6-7; Healthways Reply Comments at 7; Navinet Reply Comments at 5; IPM Reply Comments at 5; Homepatient Reply Comments at 5; Intnt'l Dental Reply Comments at 5; UBM Reply Comments at 3; Ontario Reply Comments at 5; CVS Reply Comments at 5; AEP Reply Comments at 3-4.

[42] *See* Allscripts Reply Comments at 4, 6; Howmedica Reply Comments at 6-7; ACT Reply Comments at 9; Alma Reply Comments at 4; Den-Mat Reply Comments at 3-4; ASD Reply Comments at 4; McKesson Reply Comments at 6-8; Sunwing Reply Comments at 4-5; ZocDoc Reply Comments at 74-8; Senco Reply Comments at 7, 11-12; PCH Reply Comments at 4-5; RadNet Reply Comments at 7; National Pen Reply Comments at 9-10; Healthways Reply Comments at 8; USI Reply Comments at 6-7; Kirby Reply Comments at 2-3; Nomax Reply Comments at 4; Royal Canin Reply Comments at 7-10; Navinet Reply Comments at 5-6; First Index Reply Comments at 5-6; IPM Reply Comments at 5-6; Homepatient Reply Comments at 5-6; Intnt'l Dental Reply Comments at 5-6; UBM Reply Comments at 4-5; Ontario Reply Comments at 5-6; CVS Reply Comments at 6-7; FCEA Reply Comments at 2-3;Endo Reply Comments at 5-7; AEP Reply Comments at 4; Reliant Reply Comments at 4-5.

[43] *See* Bijora Petition at 1, 6.

[44] *See* 47 C.F.R. § 64.1200(a)(4)(iv).

[45] *See id.* at 5.  The comments of Nicole Blow, plaintiff in the class action lawsuit, contest this assertion.  Blow contends that the action pending Northern District of Illinois alleges violations of Section 64.1200(b)(1), not 64.1200(a)(4)(iv), and specifies that "there are no claims pending against Bijora for failure to include opt-out notices."  Blow Comments at 3 and Ex. A.  Notwithstanding the commenters' arguments, we see no reason to not address the issue presented in the Bijora petition.

[46] *See id.* at 12.

[47] *See Consumer and Governmental Affairs Bureau Seeks Comment on Petition for Declaratory Ruling and/or Waiver Filed by Bijora, Inc.*, CG Docket Nos. 02-278, 05-338, Public Notice, DA 14-1613 (rel. Nov. 7, 2014).  A list of commenters can be found in Appendix B.

Exhibit A-14

issue does not apply to text messages, and the lawsuit purportedly precipitating the petition does not allege a violation of section 64.1200(a)(4)(iv) of the Commission's rules.[48]

## III.    DISCUSSION

### A.    Requests for Waiver

11.    In this Order, we grant 117 waivers to parties that have demonstrated they are similarly-situated to the faxers granted relief by the Commission in the *2014 Anda Commission Order*. Specifically, we find good cause exists to grant individual retroactive waivers of section 64.1200(a)(4)(iv) of the Commission's rules to the extent described below. We emphasize that these waivers provide relief through April 30, 2015. Any non-compliant faxes (*i.e.*, faxes that do not include the required opt-out information) sent after that date are subject to Commission enforcement and TCPA liability. We also clarify the fax opt-out notification requirement does not apply to text messages.

12.    We reiterate that the Commission's previous conclusion that requests seeking a declaratory ruling that the Commission lacked the statutory authority to require opt-out information on fax ads sent with recipient consent, or, alternatively, that section 227 of the Act was not the statutory basis of that requirement, present no controversy to terminate or uncertainty to remove.[49] We also reiterate the Commission's previous conclusion that it had authority to adopt the rule in question.[50]

13.    We find that good cause exists to grant a retroactive waiver to the petitioners.[51] For the reasons discussed below, we believe the public interest is better served by granting a limited retroactive waiver. At the outset, we dismiss arguments that by granting waivers while litigation is pending violates the separation of powers as several commenter have suggested.[52] As the Commission has previously noted, by addressing requests for declaratory ruling and/or waiver, we are interpreting a statute, the TCPA, over which Congress provided the Commission authority as the expert agency.[53] Likewise, the

---

[48] *See generally* Blow Comments; *see also* Shields Comments at 3; Shields Reply Comments at 1-2.

[49] *See 2014 Anda Commission Order*, 29 FCC Rcd at 14006, para. 18

[50] *See id.* at 14006, para. 19.

[51] *See supra* n.2 (listing of petitions covered by this Order).

[52] *See* TCPA Plaintiffs Dec. 12, 2014 Comments at 23, 30; TCPA Plaintiffs Jan. 13, 2015 Comments at 19, 40; Craftwood Comments at 10-13; PHI Comments on A-S Petition at 9; Simon Comments on Medversant Petition at 8, 10; Simon Comments on RadNet Petition at 8, 11; Hicklin Comments at 8; TCPA Plaintiffs Apr. 10, 2015 Comments at 10; P&S Comments at 4; TCPA Plaintiffs May 22, 2015 Comments at 5; Alco Comments at 4; TCPA Plaintiffs June 12, 2015 Comments at 9; Craftwood II Comments at 10, 12.

[53] *See* 47 U.S.C. § 227(b)(2) ("The Commission shall prescribe regulations to implement the requirements of this subsection."); 47 C.F.R. § 1.2. *See also, NCTA v. Brand X*, 545 U.S. 967, 980 (2005) ("Congress has delegated to the Commission the authority to 'execute and enforce' the Communications Act, . . . and to 'prescribe such rules and regulations as may be necessary in the public interest to carry out the provisions' of the Act.") (citations omitted); *id.* at 983-84 ("[W]hether Congress has delegated to an agency the authority to interpret a statute does not depend on the order in which the judicial and administrative constructions occur. . . . Instead, the agency may . . . choose a different construction [than the court], since the agency remains the authoritative interpreter (within the limits of reason) of such statutes."); *2014 Anda Commission Order,* 29 FCC Rcd at 14008, para. 21.

Federal Communications Commission                    DA 15-976

mere fact that the TCPA allows for private rights of action to enforce rule violations[54] does not undercut our authority, as the expert agency, to define the scope of when and how our rules apply.[55]

14.      The Commission may waive any of its rules for good cause shown.[56]  A waiver may be granted if:  (1) special circumstances warrant a deviation from the general rule and (2) the waiver would better serve the public interest than would application of the rule.[57]  The Commission previously found that special circumstances warranted deviation from the general rule at issue.  Specifically, the Commission found two reasons for confusion or misplaced confidence among affected parties that the opt-out notice rule did not apply to fax ads sent with recipient consent:  (1) inconsistency between a *Junk Fax Order* footnote and the rule, and (2) the notice provided prior to the rule did not make explicit that the Commission contemplated an opt-out requirement on fax ads sent with the prior express permission of the recipient.[58]  We find that the petitioners here have adequately demonstrated that they are similarly situated[59] to the initial waiver recipients and are deserving of a limited retroactive waiver for those fax ads sent prior to April 30, 2015, with recipients' prior express consent or permission.

15.      As commenters observe,[60] the Commission has established that petitioners referencing the confusion between the footnote and the rule are entitled to a presumption of confusion or misplaced confidence.[61]  We find that the 117 petitioners satisfy the *2014 Anda Commission Order's* test for waiver by referencing the confusing language in the Commission's fax opt-out decision, and that no record evidence rebuts the resulting presumption of confusion or misplaced confidence.

16.      All 117 petitions reference the contradictory language in the Commission's fax opt-out decision, thus qualifying them for the presumption of confusion or misplaced confidence articulated by the Commission.   Of these 117, 44 are not opposed by commenters.  Of those remaining 73 petitions, oppositions generally argue that petitioners are not similarly-situated to the prior waiver recipients.  More

---

[54] 47 U.S.C. § 227(b)(3).

[55] *See, e.g.,* 47 U.S.C. § 227(b)(2); *Northeast Cellular v. FCC,* 897 F.2d 1164 (D.C. Cir. 1990) ("The FCC has authority to waive its rules if there is 'good cause' to do so. 47 C.F.R. § 1.3. The FCC may exercise its discretion to waive a rule where particular facts would make strict compliance inconsistent with the public interest.").

[56] 47 C.F.R. § 1.3; *WAIT Radio v. FCC,* 418 F.2d 1153 (D.C. Cir. 1969); *appeal after remand,* 459 F.2d 1203 (D.C. Cir. 1972); *cert. denied,* 409 U.S. 1027 (1972); *Northeast Cellular Tel. Co. v. FCC,* 897 F.2d 1164 (D.C. Cir. 1990).

[57] *See Northeast Cellular,* 897 F.2d at 1166.

[58] *See 2014 Anda Commission Order,* 29 FCC Rcd at 14009-10, paras. 24-26.

[59] *See e.g., supra.* at n.35.  In so doing, petitioners assert that there was industry-wide confusion resulting from the *Junk Fax Order* footnote and the rule.  *See supra* at n. 36.  In addition, petitioners allege that the faxes at issue were sent with the prior express consent or permission of the recipients.  *See supra* at n. 37.

[60] *See, e.g.,* Endo Reply Comments at 5-6.

[61] *2014 Anda Commission Order,* 29 FCC Rcd at 14009-10, paras. 24-26.

13

Federal Communications Commission                    DA 15-976

specifically, the oppositions fall into several categories:  petitioners did not actually get consent;[62] petitioners had actual knowledge of the requirement as evidenced, *e.g.,* by the opt-out notices that did include on their faxes or lawsuits against them alleging violation of the rule;[63] petitioners have not argued actual confusion;[64] and, petitioners face insufficient liability for TCPA violations to qualify for a waiver.[65] We address each argument in turn and find that none merit denying the requested waivers.

17.     First, we decline to conduct a factual analysis to determine whether the petitioners actually obtained consent.  Instead, our findings here is that – assuming that proper consent was obtained – petitioners qualify for limited retroactive waivers if they did not include the requisite opt-out notice. We reiterate the Commission's statement that the granting of a waiver does not confirm or deny whether the petitioners had the prior express permission of the recipients to send the faxes.[66]  That remains a question for triers of fact in the private litigation.

18.     Second, we reject arguments that petitioners who included limited opt-out notices on faxes and were sued for rule violations must have clearly understood the requirement and thus do not deserve the presumption of confusion or misplaced confidence.  Commenters argue that the inclusion of an opt-out notice demonstrates the respective petitioner's knowledge of the rule's requirement.[67]  They allege that these petitioners were aware of the requirement (as demonstrated by the inclusion of opt-out language) and, therefore, they are not similarly situated to the waiver recipients who did not include opt-out language (because they were confused about the necessity of including opt-out notices in solicited fax advertisements).  These commenters fail to acknowledge that businesses may well include basic opt-out information, including a phone or fax number, as a matter of good business practice rather than knowledge of the rule.[68]  Indeed, a business that understood the rule would have presumably included all elements of the required notice, not just a few.  Likewise, we find that having been sued for non-compliance does not rebut the presumption unlike, *e.g.,* a judicial finding.

---

[62] *See e.g.,* PHI Comments at 13; Simon Feb. 13, 2015 Comments regarding Medversant Petition at 18; Simon Feb. 13, 2015 Comments regarding RadNet Petition at 20; Simon Apr. 10, 2015 Comments at 20; St. Louis Comments at 5; Craftwood II Comments at 19-20.

[63] *See e.g.,* TCPA Plaintiffs Dec. 12, 2014 Comments at 7, 32-33; Urban Comments at 39; City Select Comments at 5; Chapman Comments at 7.

[64] *See e.g.,* Arwa Comments at 4; Degnen Comments at 4; Connector Comments at 3.

[65] *See e.g.,* TCPA Plaintiffs Dec. 12, 2014 Comments at 35-36, 38; Urban Comments at 40; PHI Comments at 15-16; Simon Apr. 10, 2015 Comments at 24; TCPA Plaintiffs Apr. 10, 2015 Comments at 15, 17; TCPA Plaintiffs May 22 Comments at 9-10; TCPA Plaintiffs June 12, 2015 Comments at 14; Craftwood II Comments at 22.

[66] *2014 Anda Commission Order,* 29 FCC Rcd at 14012, para. 31.

[67] *See* TCPA Plaintiffs Dec. 12, 2014 Comments at 7, 32-33; Urban Comments at 39; City Select Comments at 5; Chapman Comments at 7.

[68] *See, e.g.*, First Index Reply Comments at 3-4, 5 (the business decision to include opt-out language in faxes does not demonstrate understanding of the requirement of its scope).

Exhibit A-17

Federal Communications Commission                                    DA 15-976

19.     Third, we reject arguments that the Commission made actual, specific claims of confusion a requirement to obtain the waiver.[69]  As described above, the Commission found that petitioners who referenced the confusing, contradictory language at issue are entitled to a presumption of confusion.  The Commission did not require petitioners to plead specific, detailed grounds for individual confusion and we cannot impose those here.  Finally, we reject arguments – somewhat in tension with the opposition argument addressed above – that petitioners who do not face significant potential liability for violations of the opt-out notice requirement do not qualify for a waiver.  In the *2014 Anda Commission Order*, the Commission did not require that faxers currently face lawsuits or potential liability to qualify for the waiver.

20.     We observe that a few of the petitions resolved by this Order were filed in May and June of this year, after the six- month (April 30, 2015) date referenced in the *2014 Anda Commission Order*.[70]  We examined these petitions, as we did each petition filed, independently.  These petitions sought waiver for faxes sent prior to the April 30, 2015 deadline imposed by the *2014 Anda Commission Order*.  As such, granting waivers to these parties does not contradict the purpose or intent of the initial waiver order as the parties involved are similarly situated to the initial waiver recipients.

21.     We emphasize that full compliance with the requirement to provide an opt-out notice on fax ads sent with the prior express permission of the recipient is expected now that any potential for confusion on this point has been addressed and interested parties have been given additional notice of this requirement.  We reiterate that the waiver granted herein applies only to the petitioners insofar as they may have failed to comply with section 64.1200(a)(4)(iv) prior to April 30, 2015.  As a result, the waiver granted herein shall not apply to such conduct occurring after April 30, 2015, nor shall it apply to any situation other than where the fax sender had obtained the prior express invitation or permission of the recipient to receive the fax advertisement.  We also emphasize that this waiver does not affect the prohibition against sending unsolicited fax ads, which has remained in effect since its original effective date.[71]  Nor should the granting of such waivers be construed in any way to confirm or deny whether these petitioners, in fact, had the prior express permission of the recipients to be sent the faxes at issue in the private rights of action.[72]

### B.     Bijora, Inc. Petition for Declaratory Ruling and/or Waiver

22.     We deny the request of Bijora, Inc. seeking a declaratory ruling clarifying that text messages do not require opt-out notices pursuant to section 64.1200(a)(4)(iv) on the grounds that there is no controversy or uncertainty in the rule with respect to text messages.  We note that the plain language of

---

[69] *See* TCPA Plaintiffs Dec. 12, 2014 Comments at 34-35, 36-37; PHI Comments at 13; Simon Feb. 13, 2015 Comments regarding Medversant Petition at 21; Simon Feb. 13, 2015 Comments regarding RadNet Petition at 23; Simon Apr. 10, 2015 Comments at 23; Rhea Apr. 9, 2015 Comments at 4; Rhea May 22, 2015 Comments at 4; TCPA Plaintiffs Apr. 10, 2015 Comments at 14; TCPA Plaintiffs June 12, 2015 Comments at 13; Craftwood II Comments at 21.

[70] *See 2014 Anda Commission Order*, 29 FCC Rcd at 14011-12, para. 30 ("we expect parties making similar waiver requests to make every effort to file within six months of release of this Order").

[71] *See* 47 C.F.R. § 64.1200(a)(4).

[72] The record indicates that whether some of the petitioners had acquired prior express permission of the recipient remains a source of dispute between the parties.

15

that rule applies only to fax advertisements and makes no reference to text messages.  As a result, we find no basis for any uncertainty on this point.

23.      Consequently, we also deny the request of Bijora, Inc. seeking a retroactive waiver of section 64.1200(a)(4)(iv) with respect to any text message sent with the prior express consent of a recipient because that rule section is not applicable to text messages.  In addition, the *2014 Anda Commission Order* invited similarly situated parties to file petitions for waiver with the Commission. Insofar as it sent text messages and not solicited fax advertisements, Bijora, Inc. is not similarly situated to the petitioners identified in that order.  As such, a waiver is not warranted in this instance.

## IV.      ORDERING CLAUSES

24.      Accordingly, IT IS ORDERED, that retroactive waivers of the Commission's rule 47 C.F.R. § 64.1200(a)(4)(iv) ARE GRANTED to Allscripts-Misy's Healthcare Solutions, Inc., Allscripts, LLC, Allscripts Healthcare Solutions, Inc., and Allscripts Healthcare, LLC; Francotyo-Postalia, Inc.; Howmedica Osteonics Corporation, Stryker Corporation, Stryker Sales Corporation, and Stryker Biotech, LLC; Emery Wilson Corp. d/b/a/ Sterling Management Systems; ACT, Inc.; Amicus Mediation & Arbitration Group, Inc. and Hillary Earle; Alma Lasers, Inc.; Den-Mat Holdings, LLC; ASD Specialty Healthcare Inc. d/b/a Besse Medical, AmerisourceBergen Specialty Group, Inc. and Amerisource Bergen Corporation; Apex Energetics, Inc. (11/21/14); McKesson Corporation; American Association for Justice; Sunwing Airlines Inc., Vacation Express USA Corp., and Sunwing Vacations Inc.; ZocDoc Inc.; J.L. Barnes Insurance Agency, Inc. d/b/a JLBG Health; St. Luke's Center for Diagnostic Imaging, LLC; CDI Open MRI of Missouri, LLC; Senco Brands, Inc.; EatStreet, Inc.; Henry Schein, Inc.; Philadelphia Consolidated Holding Corp., Philadelphia Indemnity Insurance Company, Tokio Marine Specialty Insurance Company, Maguire Insurance Agency, Inc., Gillingham and Associates, Inc., PCHC Investment Corp., Liberty American Insurance Group, Inc., Liberty American Insurance Services, Inc., Liberty American Select Insurance Company, and Liberty American Insurance Company; SME, Inc. USA d/b/a Superior Medical Equipment; Dental Solutions, Inc. d/b/a Hogan Dental Laboratory; A-S Medication Solutions, LLC; Surefire Fulfillment Services, Inc. d/b/a Surefire Health and Gary Mills; Medversant Technologies, LLC; Social UPS, LLC, Virtual Lending Source, LLC, and TeInform, LLC; Andrew Lichtenstein, Inc. d/b/a Lichtensteinre d/b/a Doctormortgage.com, and Andrew Lichtenstein; Zoetis Inc. f/k/a Pfizer Animal Health, Zoetis LLC, and Zoetis Products, LLC; RadNet Management, Inc., RadNet, Inc., Beverly Radiology Medical Group III, Pronet Imaging Medical Group, Inc., Breastlink Medical Group, Inc., and Beverly Radiology Medical Group, Inc.; Houghton Mifflin Harcourt Publishers, Inc., Houghton Mifflin Harcourt Publishing Company, and Laurel Kaczor; Grey House Publishing, Inc.; American Institute for Foreign Study, Inc.; EXP Pharmaceutical Services Corp.; Dongili Investment Group, Inc., and Label Tape Systems, Inc.; Premier Healthcare Exchange, Inc. and Premier Healthcare Exchange West, Inc.; Creditsmarts Corp.; Water Cannon, Inc.; National Pen Co. LLC and National Pen Holdings, LLC; Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim Corporation; Healthways, Inc. and Healthways WholeHealth Networks, Inc.; Park Surgical Company, Inc.; USI, Inc.; Esoate North America, Inc.; Big Hairy Dog Information Systems, Inc. and Retail Pro International, LLC; Prodigy Diabetes Care, LLC; Solutions on Hold, LLC d/b/a Dentistry on Hold; Kirby Lester, LLC; Consumer Energy Solutions, Inc.; Practice Recruiters, LLC f/k/a Practice Recruiters Incorporated, and its agents; Industrial Packaging Supplies, Inc.; American Health Service Sales Corporation; Virtuox, Inc.; Financial Carrier Services, Inc.; Nomax Inc.; Heska Corporation; Odyssey Services, Inc.; GE Healthcare, Inc.; American Power & Gas, LLC, AP&G Holdings LLC, and Tom Cummins; Competitive Health, Inc. and First Access, Inc.; Jay Geier's Scheduling Institute; Kaberline Healthcare Informatics, Inc.; Logistic Innovations, LLC; CCI Investments, LLC, d/b/a CareWorks Consultants, Inc.; Saratoga Aesthetics, LLC; Royal Canin U.S.A., Inc.; Salix Pharmaceuticals, Inc. and Salix Pharmaceuticals, Ltd.; Cephalon, Inc., Cephalon Clinical Partners, L.P., and Cephalon Development Corporation; Five-M Software Systems

Federal Communications Commission                    DA 15-976

Corporation; Valeant Pharmaceuticals North America, LLC; Navinet, Inc.; First Index, Inc.; Integrated Pain Management, S.C., Tian Medical, LLC, Tian Medical, Inc. and Dr. Tian Xia; Electronic Funds Source LLC; TruckersB2B, LLC; Graduation Source, LLC and Graduations Solutions, LP; American Homepatient, Inc.; International Dental Supply Co.; Electrical Enlightenment, Inc. and The Enlightenment Companies; Versa Cardio, LLC; Wells Fargo & Company; ChappellRoberts, Inc.; UBM LLC; Direct Energy Services, LLC, Direct Energy Business, LLC, Direct Energy, LP, Direct Energy Marketing Inc., First Choice Power, L.P., CPL Retail Energy L.P., Direct Energy US Home Services, Inc., Energy America, LLC, Astrum Solar, Inc., Bounce Energy, Inc., Clockwork, Inc., Clockwork IP, LLP, NYSEG Solutions, LLC, Gateway Energy Services Corporation, and WTU Retail Energy L.P.; Smith & Nephew, Inc.; Microwize Technology, Inc.; MedTech Imaging, Inc.; 2217044 Ontario, Inc., Hydropool Inc., La-Z-Boy Global Limited, and La-Z-Boy Incorporated; Greenway Health, LLC; CVS Health Corporation and Caremark, L.L.C.; Free Continuing Education Association, LLC d/b/a/ FCEA, Daniel Nava, and Michael McHenry; Sinopec USA, Inc.; Henry Schein Practice Solutions, Inc.; Be-Thin, Inc. and Kevin Eberly; Diagnostic Imaging Holdings, Inc.; Insight Health Services Holdings Corp.; McAllister Software Systems, LLC; Dental Resource Systems, Inc., John C. Harris, Mark W. Montgomery, and Richard Amy; Management Information Technology Corp., Linda Graham, and John Graham; Hoffman Pizza, Inc. and Glen Spiegler; American Capital Group and Carl Heaton; Websolv Computing, Inc. and Uday Om Ali Pabrai; Trinity Physician Financial & Insurance Services and Joseph Hong; C&T Pizza, Inc., Joseph Cianciolo, and Franca Cianciolo; Stryker Lubricant Distributors, Inc.; Zydus Pharmaceuticals (USA), Inc.; Rehab Missouri, LLC d/b/a Rehab Xcel, and Physiotherapy Associates, Inc.; Business Financial Services, Inc.; Key Health Group, Inc., Key Health Medical Solutions, Inc., Key Health Management, Inc., MedLegal Solutions, Inc., and Key Health Medical Solutions of Nevada, Inc.; Endo Pharmaceuticals, Inc., Endo Pharmaceuticals Solutions Inc., Endo Pharmaceuticals Valera Inc., Endo Health Solutions Inc., Endo Pharma LLC, and Endo Pharma Delaware Inc.; AEP Energy, Inc.; United Stationers Inc., United Stationers Supply Co. and Lagasse LLC; Business Promotion, LLC; Meadowbrook Insurance Group, Inc. and Meadowbrook, Inc.; Northwood, Inc.; Joseph T. Ryerson & Son, Inc.; and Reliant Services Group, LLC d/b/a Reliant Funding insofar as they may have failed to comply with the opt-out notice requirements for fax advertisements sent with the prior express invitation or permission of the recipient prior to **April 30, 2015**.  Full compliance with this rule is required by these parties from that date forward.

25.     IT IS FURTHER ORDERED that the request for declaratory ruling and/or waiver filed by Bijora, Inc. IS DENIED to the extent discussed herein.


FEDERAL COMMUNICATIONS COMMISSION



Alison Kutler
Acting Chief
Consumer and Governmental Affairs Bureau

17

Exhibit A-20

Federal Communications Commission                    DA 15-976

# APPENDIX A

## List of Commenters

The following parties have filed comments in response to the various Public Notices issued in this matter
(CG Docket Nos. 02-278; 05-338):

| Commenter | Petition(s) | Abbreviation |
|---|---|---|
| **ACT, Inc.** | ACT Petition | **ACT** |
| Affiliated Healthcare Associates, P.C. | Medversant Petiton; Healthways Petition | Affiliated Health |
| Alco Industries, Inc. | IPS Petition | Alco |
| **Allscripts-Misy's Healthcare Solutions, Inc.,** *et al.* | Allscripts Petition | **Allscripts** |
| **Alma Lasers, Inc.** | Alma Petition | **Alma** |
| **American Association for Justice** | AAJ Petition | **AAJ** |
| **American Homepatient, Inc.** | Homepatient Petition | **Homepatient** |
| **Amicus Mediation & Arbitration Group,** *et al.* | Amicus Petition | **Amicus** |
| Arwa Chiropractic, P.C. | Surefire Petition | Arwa |
| **AEP Energy, Inc.** | AEP Petition | **AEP** |
| **ASD Specialty Healthcare, Inc.,** *et al.* | ASD Petition | **ASD** |
| Bais Yaakov of Spring Valley | ACT Petition; Amicus Petition; Houghton Petition | Yaakov |
| Balmoral Home, Inc. | Dongili Petition | Balmoral |
| Beck Simmons, LLC | F-P Petition Petition | Beck |
| Timothy Blake | AAJ Petition | Blake |
| Arnold Chapman | First Index Petition | Chapman |
| City Select Auto Sales, Inc. | Creditsmarts Petition | City Select |
| Dr. Gary Clemens | Dental Solutions Petition | Clemens |
| Craftwood Lumber Company | Senco Petition | Craftwood |
| Craftwood II, Inc., *et al.* | Stationers Petition | Craftwood II |
| **CVS Health Corporation,** *et al.* | CVS Petition | **CVS** |

18

| | Federal Communications Commission | DA 15-976 |
|---|---|---|
| Suzanne Degnen, D.M.D., P.C. | FCEA Petition | Degnen |
| **Den-Mat Holdings, LLC** | Den-Mat Petition | **Den-Mat** |
| **Dental Solutions, Inc. d/b/a Hogan Dental Laboratory** | Dental Solutions Petition | **Dental Solutions** |
| **EatStreet, Inc.** | EatStreet Petition | **EatStreet** |
| **Endo Pharmaceuticals Inc.,** *et al.* | Endo Petition | **Endo** |
| **First Index, Inc.** | First Index Petition | **First Index** |
| **Free Continuing Education Association, LLC,** *et al.* | FCEA Petition | **FCEA** |
| **Greenway Health, LLC** | Greenway Petition | **Greenway** |
| Grind Lap Services, Inc. | UBM Petition | Grind Lap |
| **Healthways, Inc.,** *et al.* | Healthways Petition | **Healthways** |
| Christopher Lowe Hicklin, DC, PLC | National Pen Petition | Hicklin |
| **Houghton Mifflin Harcourt Publishers, Inc.,** *et al.* | Houghton Petition | **Houghton** |
| **Howmedica Osteonics Corporation,** *et al.* | Howmedica Petition | **Howmedica** |
| **Integrated Pain Management, S.C.,** *et al.* | IPM Petition | **IPM** |
| **International Dental Supply Co.** | Intnt'l Dental Petition | **Intnt'l Dental** |
| **Kirby Lester** | Kirby Lester Petition | **Kirby Lester** |
| **McKesson Corporation** | McKesson Petition | **McKesson** |
| **Medversant Technologies. L.L.C.** | Medversant Petition | **Medversant** |
| Dr. Robert L. Meinders, D.C., Ltd. | Emery Petition | Meinders |
| **National Pen Co., LLC,** *et al.* | National Pen Petition | **National Pen** |
| **Navinet, Inc.** | Navinet Petition | **Navinet** |
| **Nomax Inc.** | Nomax Petition | **Nomax** |
| **2217044 Ontario, Inc.,** *et al.* | Ontario Petition | **Ontario** |
| P&S Printing, LLC | USI Petition | P&S |
| **Philadelphia Consolidated Holdings Corp.,** *et al.* | PCH Petition | **PCH** |
| Physicians Healthsource, Inc. | Allscripts Petition, A-S Petition | PHI |
| **RadNet Management, Inc.,** *et al.* | RadNet Petition | **RadNet** |
| Rhea Drugstore, Inc. | Prodigy Petition; Kirby Lester Petition; Smith | Rhea |

19

**Federal Communications Commission**                    **DA 15-976**

| | Petition | |
|---|---|---|
| **Royal Canin U.S.A., Inc.** | Royal Canin Petition | **Royal Canin** |
| **Senco Brands, Inc.** | Senco Petition | **Senco** |
| Edward Simon | Medversant Petition; RadNet Petition; Healthways Petition | Simon* |
| St. Louis Heart Center, Inc. | CVS Petition | St. Louis |
| Dr. Mark W. Sturdy, d/b/a Rochester Veterinary Clinic | Zoetis Petition | Sturdy |
| **Sunwing Airlines, Inc.,** *et al.* | Sunwing Petition | **Sunwing** |
| TCPA Plaintiffs | Howmedica Petition; Alma Petition; Den-Mat Petition; ASD Petition; McKesson Petition; Sunwing Petition; ZocDoc Petition; St. Luke Petition; EatStreet Petition; PCH Petition; Boehringer Petition; Esoate Petition; Consumer Energy Petition; American Health Petition; Nomax Petition; Heska Petition; Odyssey Petition; GE Healthcare Petition; Competition Health Petition; Kaberline Petition; CCI Petition; Royal Canin Petition; Salix Petition; Cephalon Petition; Navinet Petition; First Index Petition; IMP Petition; Homepatient Petition; EEI Petition; ChappellRoberts Petition; Microwize Petition; MedTech Petition; Ontario Petition; Greenway Petition; CVS Petition; Be-Thin Petition; MITC Petition; Hoffman Petition; ACG Petition; C&T Petition; Rehab Petition; BFS Petition; Endo Petition | TCPA Plaintiffs |

20

Exhibit A-23

**Federal Communications Commission**      **DA 15-976**

| | | |
|---|---|---|
| **UBM LLC** | UBM Petition | **UBM** |
| **United Stationers Inc., *et al*.** | Stationers Petition | **Stationers** |
| Urban Elevator Service, LLC | Stryker Petition | Urban |
| **USI, Inc.** | USI Petition | **USI** |
| **Wells Fargo & Company** | Wells Fargo Petition | **Wells Fargo** |
| Wholesale Point, Inc. | Five-M Petition; AEP Petition | Wholesale |
| Wilder Chiropractic, Inc. | Microwize Petition | Wilder |
| **ZocDoc, Inc.** | ZocDoc Petition | **ZocDoc** |

*filing both comments and reply comments (bold – reply comments only)

Exhibit A-24

**Federal Communications Commission**         **DA 15-976**

**Appendix B**

**List of Commenters on Bijora Petition**

The following parties filed comments in response to the November 7, 2014, Public Notice (CG Dockets 02-278; 05-338):

| Commenter | Abbreviation |
|---|---|
| Nicole Blow | Blow |
| Internet Association | Internet Association |
| Joe Shields * | Shields |
| **Computer & Communications Industry Association** | **CCIA** |

*filing both comments and reply comments (bold – reply comments only)

22