# EXHIBIT 3

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 14-0771-DOC (RNBx)                     Date: July 27, 2015

Title: FLORES V. COLLECTION CONSULTANTS OF CALIFORNIA

---

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS [41]**

Before the Court is Defendant Collection Consultants of California's ("Defendant") Motion for Stay of Proceedings ("Motion") pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (Dkt. 41). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court GRANTS Defendant's Motion.

### I. Background

#### A. Facts

Plaintiff Richard Flores ("Plaintiff") alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, between August 2012 and February 2014. *See* Second Amended Complaint ("SAC") (Dkt. 34) ¶¶ 20-53.

Exhibit 3-30

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 14-0771-DOC (RNBx) | Date: July 27, 2015 |
| | Page 2 |

Plaintiff alleges that Defendant, a debt collector, mailed him letters that falsely represented the amount Plaintiff owed and obscured the debt's true creditor, among other violations. *Id.* Plaintiff seeks statutory and actual damages. *Id.* ¶ 56.

### B. Procedural History

Plaintiff filed a Complaint on May 16, 2014 alleging violations of the FDCPA and RDCPA (Dkt. 1). On January 6, 2015, with leave of the Court, Plaintiff filed an Amended Complaint (Dkt. 28). The Court dismissed the FAC. *See* Order, March 20, 2015 (Dkt. 33). Plaintiff filed his SAC on April 6, 2015. *See* SAC. Defendant filed a Motion to Dismiss (Dkt. 35) on April 20, 2015. *See* Motion to Dismiss. The Court denied the motion. *See* Order (Dkt. 39).

Defendant filed its Motion for Stay on June 16, 2015.[1] *See* Mot. Plaintiff filed his Opposition ("Opp'n") on June 29, 2015 (Dkt. 42). Defendant filed a Response in Support of Stay ("Response") on July 5, 2015 (Dkt. 43).

## II. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[S]tays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III. Analysis

Plaintiff argues that "Defendant has not explained how a ruling [on *Spokeo*] has any bearing upon, or relation to, the matter at hand." Opp'n at 3:17-19. The question before the Supreme Court is "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm…by authorizing a private right of action based on

---

[1] Plaintiff argues that Defendant's motion is in violation of the Court's Amended Scheduling Order (Dkt. 22) because it was filed after June 26, 2015 and therefore should be denied. *See* Opp'n at 2-3. A pretrial order "controls the course of the action *unless the court modifies it*." Fed. R. Civ. P. 16(d) (emphasis added). The court finds good cause to modify the scheduling order and consider this motion, notwithstanding its untimeliness.

Exhibit 3-31

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0771-DOC (RNBx)                                                              Date: July 27, 2015
                                                                                                                                                                                      Page 3

a bare violation of a federal statute." *Spokeo, Inc. v. Robins*, Pet. For Writ of. Cert. 2014 WL 1802228 (U.S.). If the Supreme Court overturns the Ninth Circuit in *Spokeo*, plaintiffs will be unable to present the violation of a statutory right as a cognizable injury in itself; only plaintiffs alleging concrete harm will have standing. The Ninth Circuit has explicitly acknowledged the relationship between the FDCPA and *Spokeo*. *See Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014) (citing the Ninth Circuit holding in *Spokeo* for the principle that a bare violation of the FDCPA "constitutes a cognizable injury under Article III"). Thus, *Spokeo* has the potential to divest Plaintiff of standing.

Plaintiff here argues that he may be entitled to actual damages for "emotional distress and mental anguish" caused by Plaintiff's letters. Opp'n at 6:19. "Thus, it is clear that Plaintiff will maintain standing no matter the outcome of…*Spokeo*." *Id.* at 7:12-13. Actual damages are indeed available for FDCPA violations. *See Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222 (C.D. Cal. 2007); *see also Panahiasl v. Gurney*, No. 04-04479 JF, 2007 WL 738642 (N.D. Cal. Mar. 8, 2007). Whether Plaintiff could recover actual damages here, however, is undecided. Plaintiff has alleged no facts connecting receipt of the letters with "emotional distress and mental anguish." Indeed, the words "stress," "anguish," and "emotion" do not appear in the SAC. *See generally* SAC. If the Supreme Court overturns the Ninth Circuit in *Spokeo*, Plaintiff's standing will, at best, be imperiled.

There is no showing that a stay will damage Plaintiff. Plaintiff seeks vindication of statutory rights allegedly violated, most recently, 18 months ago. SAC ¶¶ 40-43. Assuming Plaintiff will prevail, a stay would merely delay Plaintiff's pursuit of compensation by, at most, one year. *See Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) (In an FCRA case, holding "[t]he competing interests in this case favor[ed] a stay. [The plaintiffs would] not be materially harmed by a stay pending resolution of the *Spokeo* appeal. The Supreme Court is likely to issue a decision in the case within one year."). By contrast, Defendant may have to incur the costs of litigating a Plaintiff later denied standing. *Accord Alvarez v. T-Mobile USA, Inc.*, No. CIV. 2:10-2373 WBS, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (granting a stay pending a Supreme Court decisions in part because "[i]t would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues only to find those issues moot within less than a year.").

The stay will avoid the chance of squandering judicial resources on a plaintiff later denied standing. *Accord Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *5 (S.D. Fla. July 6, 2015) (staying a case grounded in the Telephone Consumer

Exhibit 3-32

Case 8:14-cv-00771-DOC-RNB   Document 45   Filed 07/27/15   Page 4 of 4   Page ID #:422

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0771-DOC (RNBx)                                              Date: July 27, 2015
                                                                                                                             Page 4

Protection Act because *Spokeo* "may conclusively determine whether this court has the subject matter jurisdiction to hear Plaintiff's claims at all.").

**IV.    Disposition**

       For the foregoing reasons, the Court GRANTS Defendant's Motion. Proceedings in this case are STAYED pending resolution of the appeal in *Spokeo*. Within fourteen days of the date the Supreme Court issues its decision in *Spokeo*, the parties shall file a joint status report, with proposed dates for continuing the litigation, if applicable.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                           Initials of Deputy Clerk: djg
CIVIL-GEN

Exhibit 3-33