# EXHIBIT 5

LINK:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER GRANTING MOTION TO STAY CLASS ACTION DISCOVERY [23]

Pending before the Court is Defendants' motion to stay class action discovery pending review of Defendants' petition by the Federal Communications Commission ("FCC"). (Dkt. No. 23.) After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendants' motion is **GRANTED**.

### I. BACKGROUND

#### A. The Parties

Plaintiff is a chiropractor who conducts his business within the County of Los Angeles in North Hollywood. (Compl. ¶ 5.) Plaintiff is also the subscriber of a facsimile telephone number, to which he claims Defendants sent various junk faxes. (Compl. ¶ 5.) Plaintiff has produced one of these alleged faxes as an exhibit to his Complaint, which he received from Defendant RadNet Management, Inc. ("RadNet") on August 14, 2014. (Compl. Ex. 1.) RadNet operates several San Fernando Valley Imaging Centers, at which it provides MRI and other prescription diagnostic services to patients of medical providers in the San Fernando Valley. (Dkt. No. 12 at 6.)

According to the Complaint, RadNet, Inc. is the parent company of RadNet and holds the copyrights to the fax Plaintiff received on August 14, 2014, as well as other faxes in question. (Compl. ¶ 7.) Plaintiff alleges that Howard G. Berger, M.D. was and is the President and Chief Executive Officer of RadNet, Inc., as well as either an officer

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

and/or director of Defendants RadNet, Pronet Imaging Medical Group, Inc. ("PIMG"), Breastlink Medical Group, Inc. ("Breastlink"), and Beverly Radiology Medical Group, Inc. ("BMGI"). (Compl. ¶ 17A.) Plaintiff also alleges that Berger indirectly owns ninety-nine percent of the equity in Beverly Radiology Medical Group III ("BRMG"), and that PIMG, Breastlink, and BMGI are partners of BRMG. (Compl. ¶ 17A.) Plaintiff believes that RadNet and BRMG are in a contractual arrangement under which RadNet provides BRMG with imaging facilities, furniture, management services, medical equipment, and administration of non-medical functions, such as bookkeeping, clerical services, and advertising. (Compl. ¶ 17D.) Under this arrangement, all cash flows from BRMG are transferred to RadNet, and, in return for RadNet's services to BRMG, RadNet receives a percentage of the amount collected from BRMG physicians. (Compl. ¶ 17D.)

### B. The Underlying Dispute

Plaintiff alleges that the fax he received on August 14, 2014, in addition to other, unidentified fax messages that he received from Defendants, constitutes an unsolicited advertisement under the Telephone Consumer Protection Act of 1991 ("TCPA") and the Junk Fax Prevention Act of 2005 ("JFPA"). (Compl. ¶¶ 14–16.) Plaintiff further alleges that these faxes violated the TCPA (as modified by the JFPA) and FCC regulations because the faxes were unsolicited advertisements that did not provide the Opt-Out Notice Requirements delineated in the TCPA and JFPA. (Compl. ¶ 28.) In support of these allegations, Plaintiff asserts that he did not give Defendants prior express permission to send these faxes as defined in 47 U.S.C. § 227(a)(5).

On behalf of a putative class of similarly situated individuals, Plaintiff seeks damages and injunctive relief under 47 U.S.C. § 227(b)(3). (Compl. ¶ 29.) Specifically, Plaintiff is seeking $500 for each violation by Defendants of the JFPA and/or FCC regulations, as well as injunctive relief (1) to prohibit Defendants from committing further violations, (2) to require Defendants to deliver to Plaintiff all records of fax advertisements within four years of the filing of this action, (3) to require Defendants to adopt educational or training programs to prevent further violations by employees, (4) to require Defendants to provide written notice to all other recipients of the faxes in question as a warning, and (5) to place this same warning on the homepage of Defendants' websites. (Compl. ¶ 30.)

Case 8:15-cv-00704-JLS-DFM Document 48-5 Filed 08/28/15 Page 4 of 12 Page ID #:1210
Case 2:14-cv-07997-BRO-PJW Document 39 Filed 05/14/15 Page 3 of 11 Page ID #:710

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

### C. The August 14, 2014 Fax to Plaintiff

The only fax that Plaintiff identifies was sent from RadNet and contains three pages of content. (Compl. Ex. 1.) The first page of the message begins with the heading "URGENT," followed by a notice that all RadNet locations in the San Fernando Valley are transitioning to a new system, and that all studies performed will be available on this new "UPRGRADED [sic] IMAGES & REPORTS ONLINE SYSTEM." (Compl. Ex. 1.) It then goes on to instruct recipients who either would like access to view images and reports or are having issues viewing the images and reports to contact a RadNet representative. (Compl. Ex. 1.) Below this statement, the message provides a general email address to RadNet's San Fernando Valley marketing department, followed by the contact information for three RadNet representatives. (Compl. Ex. 1.) The message also provides the website at which one can sign up for an account. (Compl. Ex. 1.) The first page closes with an apology for any inconvenience that the system transition may cause and by thanking recipients for their patience. (Compl. Ex. 1.) It is signed, "Your Radnet San Fernando Imaging Centers," and concludes with a website URL. (Compl. Ex. 1.)

The second page of the fax bears the heading "San Fernando Valley Advanced Imaging Center A RadNet Imaging Center." (Compl. Ex. 1.) Below that title is the label "COMING SOON," followed by the large message, "We're improving our service to you." (Compl. Ex. 1.) The rest of the content on page two is similar to that on page one—that is, page two of the fax describes the new medical record system, which it refers to as "CONNECT," asks for the recipient's patience during the transition, and repeats that the recipient may contact a RadNet representative with any issues or concerns. (Compl. Ex. 1.) The left side of the second page portrays an image of a man wearing a doctor's white coat and a stethoscope, smiling with crossed arms. (Compl. Ex. 1.) The second page concludes with the RadNet logo and a copyright notice. (Compl. Ex. 1.)

Finally, the third page of the fax again bears the heading "San Fernando Valley Imaging RadNet Imaging Centers," which is followed by the terms "CONNECT" and "Sign Up Today!" in large font. (Compl. Ex. 1.) The same man posing as a doctor from page two is again depicted on the left, this time accompanied by two screenshots of what appears to be the Connect system's portal. (*See* Compl. Ex. 1.) The website for San Fernando Valley Imaging is again provided in the middle of the page, whereas the bottom of the page provides a message to "Contact your local marketing representative to sign

Case 8:15-cv-00704-JLS-DFM Document 48-5 Filed 08/28/15 Page 5 of 12 Page ID #:1211
Case 2:14-cv-07997-BRO-PJW Document 39 Filed 05/14/15 Page 4 of 11 Page ID #:711

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

up," an email contact, and four highlights of the new qualities of the Connect system. (Compl. Ex. 1.) The page then concludes with another copyright notice and a Portal Support email address and telephone number. (Compl. Ex. 1.)

### D. The FCC Decision

When Plaintiff filed this lawsuit, the law was unclear on whether opt-out notice was required for *solicited* faxes. On October 30, 2014, however, the FCC issued an order clarifying that even solicited faxes—those sent with a party's prior express permission—require "opt-out" notice. *See Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 29 F.C.C. Rcd. 13998, 2014 WL 5493425 (2014). The FCC recognized "that some parties who have sent fax ads with the recipient's prior express permission may have reasonably been uncertain about whether [the FCC's] requirement for opt-out notices applied to them." *Id.* at *1. Due to this uncertainty, the FCC granted parties a retroactive waiver from the opt-out requirement and invited similarly situated parties—those who sent fax ads without opt-out notice *but with* the parties' prior express permission—a six-month window to seek a similar waiver. *Id.* The waiver does not affect the prohibition against sending unsolicited fax ads. *Id.* at *9.

On January 16, 2015, a little more than two months after the FCC's order was issued, Defendants filed a collective petition with the FCC for a retroactive waiver from the opt-out requirement. (Richter Decl. ¶ 2, Ex. A.) The FCC asked for comments on Defendants' petition on January 30, 2015, and, on February 13, 2015, Plaintiff filed his comments to Defendants' petition. (Richter Decl. ¶ 2, Ex. B.) Defendants then filed a reply to Plaintiff's comments on February 20, 2015. (Richter Decl. ¶ 2, Ex. C.) Defendants now contend that they are eligible for a retroactive waiver and that class discovery should be stayed until the FCC reaches a decision.

### E. Procedural History

On September 4, 2014, Plaintiff filed a Class Action Complaint in the Superior Court of California, County of Los Angeles on behalf of himself and all others similarly situated. (Dkt. 1-1 at 2.) One week later, Plaintiff filed a Motion and Protective Motion for Class Certification. (Dkt. 1-1 at 54.) The Superior Court did not rule on this motion, however, because on October 16, 2014, Defendants removed the action to this Court on

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

the basis of federal question jurisdiction. (Dkt. No. 1.) Then, on November 25, 2014, Defendants filed a motion to dismiss all of Plaintiff's claims, (Dkt. No. 12), which this Court denied on January 14, 2015, (Dkt. No. 15). On April 9, 2015, Defendants filed the instant motion to stay class discovery pending the FCC's resolution of their petition for a waiver. (Dkt. No. 23.) Plaintiff opposed this motion on April 27, 2015, (Dkt. No. 34), and Defendants replied on May 4, 2015, (Dkt. No. 37).

## II. REQUEST FOR JUDICIAL NOTICE

A court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

In support of their opposition, Plaintiff requests that the Court take judicial notice of four documents, each of which is a court order from another proceeding. (*See* Dkt. No. 36.) Courts regularly take judicial notice of court filings in other proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))); *520 S. Mich. Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1138 n.14 (7th Cir. 2008) (noting that a federal court "may take judicial notice of the state court decisions"). Accordingly, the Court **GRANTS** Plaintiff's request for judicial notice.

## III. DISCUSSION

Defendants argue that the Court should stay class discovery pending resolution of their petition before the FCC either pursuant to Rule 26(c), under the primary jurisdiction

Case 8:15-cv-00704-JLS-DFM Document 48-5 Filed 08/28/15 Page 7 of 12 Page ID #:1213
Case 2:14-cv-07997-BRO-PJW Document 39 Filed 05/14/15 Page 6 of 11 Page ID #:713

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

doctrine, or under the Court's inherent power to control its own docket. As discussed below, the Court finds it appropriate to stay class discovery and therefore exercises its inherent power to control proceedings before it and **STAYS** all class discovery.

### A. The Court's Inherent Power to Stay Proceedings

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although no precise rule governs the determination of when to grant a stay when similar actions are pending in two different federal district courts, "the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). The Ninth Circuit has held that a stay is proper if the conclusions of another tribunal "may be of valuable assistance to the court in resolving the [claims] presented in [the complaint], even under the assumption that the court is not bound and controlled by the [other tribunal's] conclusions." *Leyva v. Certified Growers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Nevertheless, a "stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

### B. A Stay Is Appropriate Pending the FCC's Decision

Defendants' primary argument across all of their three theories of why the Court should stay class discovery is that their pending petition for a waiver will have a significant impact on class discovery. As discussed above, Defendants are seeking a waiver of the FCC's rule requiring opt-out information on faxes sent with the recipient's prior express permission. If the FCC grants this request, Defendants would not be liable for sending faxes without an opt-out clause to those recipients who provided consent to receive them. And as Defendants argue, such a determination could have a significant impact on class certification, as the issue of whether putative class members gave prior express permission may require individual inquiries, making class certification appropriate. *See, e.g., Ryan v. Jersey Mike's Franchise Sys.*, No. 13-CV-1427-BEN WVG, 2014 WL 1292930, at *7 (S.D. Cal. Mar. 28, 2014) ("[C]lass certification in TCPA cases is warranted only when the unique facts of a case indicate that individual adjudication of prior express consent is unnecessary and denying class certification where

Case 8:15-cv-00704-JLS-DFM   Document 48-5   Filed 08/28/15   Page 8 of 12   Page ID #:1214
Case 2:14-cv-07997-BRO-PJW   Document 39   Filed 05/14/15   Page 7 of 11   Page ID #:714

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

telephone numbers were obtained under a variety of circumstances." (citing *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 577–78 (S.D. Cal. 2013))). That is not to say that class certification will necessarily be denied should the FCC grant Defendants' petition; such a ruling would be premature at this stage. Nevertheless, it is clear that resolution of Defendants' petition may have a significant impact on the class certification analysis.

Additionally, for several reasons enumerated by Defendants, it is apparent that staying class discovery would cause little prejudice to Plaintiff. First, Defendants assert that they have stopped sending faxes to their physician referral sources (and Plaintiff) pending a ruling by the FCC and the outcome of this litigation. (*See* Mot. at 9.) Plaintiff is therefore not at risk of receiving further faxes from Defendants. *See Gusman v. Comcast Corp.*, No. 13CV1049-GPC DHB, 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) (granting stay of TCPA action and noting that "Plaintiff will not be prejudiced since he stopped receiving calls in the Fall of 2013"); *Matlock v. United Healthcare Servs., Inc.*, No. 2:13-CV-02206-MCE-EF, 2014 WL 1155541, at *2 (E.D. Cal. Mar. 20, 2014) (finding a stay appropriate in a TCPA case in part because "the violation alleged in this case is not ongoing so Plaintiff will suffer no further damages during a stay"). Moreover, as Defendants argue, temporarily staying *class* discovery will not prevent Plaintiff from litigating his individual claims, nor will it prevent him from representing a class once the FCC has rendered its decision.

Second, this case is relatively early in the proceedings, which also mitigates any prejudice that Plaintiff might suffer from a stay. *See Matlock*, 2014 WL 1155541, at *2 (noting that plaintiff was unlikely to suffer prejudice from a delay because the case was in its early stages); *Gusman*, 2014 WL 2115472, at *4 (same); *Mendoza v. UnitedHealth Grp. Inc.*, No. 13-1553 PJH, 2014 WL 722031, at *2 (N.D. Cal. Jan. 6, 2014) ("[I]n view of the relatively early stage of the present action, the court finds that the benefit to be provided by FCC guidance on potentially dispositive issues in this litigation outweighs the benefit to plaintiff in allowing the action to proceed."); *Glauser v. Twilio, Inc.*, No. C 11-2584 PJH, 2012 WL 259426, at *3 (N.D. Cal. Jan. 27, 2012) (same).

Finally, Defendants correctly argue that there is no genuine risk of losing evidence. This case involves alleged statutory violations based on sending documents through faxes; as a result, there is no risk that a delay will, for example, cause witnesses'

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

memories to fade because witness testimony is unlikely to be relevant to this case. Moreover, Plaintiff's filing of this action triggered Defendants' duty to preserve all relevant documents, so there is no cognizable risk that these documents will be lost. *See Barrera v. Comcast Holdings Corp.*, No. 14-CV-00343-TEH, 2014 WL 1942829, at *4 (N.D. Cal. May 12, 2014) ("As to discovery prejudice, as noted by Defendant, Plaintiff is likely in possession of relevant evidence such as her own telephone records. The parties are under reciprocal obligations to preserve evidence.").[1]

By contrast, denying a stay may require the Court to adjudicate matters such as class certification before all relevant issues bearing on the matter (such as the waiver to the opt-out rule) have been fully developed. *See Fontes v. Time Warner Cable Inc.*, No. 2:14-CV-02060-CAS, 2014 WL 2153919, at *2 (C.D. Cal. May 19, 2014) (staying TCPA class action pursuant to its inherent power to control its docket "because it increases the likelihood that the Court will be able to address the parties' arguments after the FCC has acted on" petitions "requesting that the FCC clarify whether the TCPA imposes liability on entities that make automated calls and inadvertently reach persons other than the person who gave 'prior express consent' to receive such calls"); *see also Raitport v. Harbour Capital Corp.*, No. 09-CV-156-SM, 2013 WL 4883765, at *1 (D.N.H. Sept. 12, 2013) ("Given the substantial effect that the outcome of the pending administrative proceedings will have on disposition of the pending issues in this case, particularly with respect to certification of the proposed class, this litigation shall be stayed pending a final decision in those matters."). Here, as in *Fontes*, staying this matter increases the chances that the Court will be able to address the parties' arguments regarding class certification following the FCC's resolution of Defendants' petitions. Accordingly, the Court finds it appropriate to issue "a partial stay of discovery pending the outcome of proceedings before the FCC with regard to the opt-out notice requirement." *Kaye v. Merck & Co.*, No. 3:10-CV-1546 RNC, 2014 WL 2002447, at *2 (D. Conn. May 15, 2014).

---

[1] For these reasons, the Court rejects Plaintiff's assertions that the FCC will not render a decision in a "reasonable time," as required for a *Landis* stay. (Opp'n at 23.) While it is unclear how soon the FCC will render its decision, the FCC has already sought and received comments on Defendants' petition. More importantly, the Court need only determine that the FCC will render its decision within "a reasonable time *in relation to the urgency of the claims presented to the court.*" *Leyva*, 593 F.2d at 863 (emphasis added). And as discussed above, there is little to no urgency here.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

In opposition, Plaintiff relies heavily on this Court's prior order denying a stay in Plaintiff's other case before this Court. *See Edward Simon, DC v. Healthways Inc., et al.*, No. 14-08022 BRO (JCx) (C.D. Cal. Apr. 7, 2015) (Dkt. No. 46) [hereinafter *Healthways*]. In that case, the Court denied defendants' motion for a stay under similar circumstances pursuant to the Court's inherent power. In doing so, however, the Court observed that generally "courts have permitted the litigation to continue absent admissible evidence that disproves the plaintiff's allegations." *Id.* (Dkt. No. 46 at 8). Noting that defendants had "presented no evidence that rebuts Plaintiff's allegation that the faxes were sent without prior express permission," the Court stated that it would "not blindly grant a stay, over the objection of Plaintiff, absent *any* evidence that Defendants obtained the prior express permission necessary to qualify for a waiver." *Id.* (Dkt. No. 46 at 8, 9). Nevertheless, the Court stated that "[i]f discovery reveals that the contested faxes were in fact sent with Plaintiff's or other class members' permission, a stay may become appropriate." *Id.* (Dkt. No. 46 at 10).

Unlike in *Healthways*, Defendants here *have* presented evidence of putative class members giving prior express permission to receive faxes from Defendants. Specifically, Defendants have submitted the declaration of Sonia DeLaCruz, the office manager of Primary Care Sports Medicine ("PCSM"), a provider of professional orthopedic medical services. (DeLaCruz Decl. ¶ 1.) And in this declaration, Ms. DeLaCruz asserts that:

> RadNet has periodically sent information to PCSM by fax regarding, among other things, pricing changes for diagnostic services, available diagnostic imaging modalities and changes to RadNet's secure internet portal to access scans and other patient records (the Connect System). I have had many conversations with representatives of RadNet over the years, including discussions regarding the information sent to PCSM by RadNet. I recall discussing at some point (I do not recall when) whether PCSM had a problem receiving this information by fax and I recall that I informed RadNet that it was not an issue.

(DeLaCruz Decl. ¶ 4.) Plaintiff objects to this testimony on the basis that Ms. DeLaCruz lacks personal knowledge regarding this statement, but he fails to provide an adequate explanation for this objection. Ms. DeLaCruz's declaration states both that she has served as the office manager of PCSM for seven years and that she personally had a

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

conversation with someone at RadNet[2] regarding this issue. (DeLaCruz Decl. ¶ 1.) That is sufficient to establish personal knowledge. *See In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *Stonefire Grill, Inc. v. FGF Brands, Inc.*, 987 F. Supp. 2d 1023, 1035 (C.D. Cal. 2013) ("Lopez's personal knowledge can be inferred from his position within the company.").[3] Moreover, the Court is not persuaded by Plaintiff's argument that this does not establish permission to send *advertisements*. The content of the faxes Ms. DeLaCruz refers to—including pricing changes for diagnostic services, available diagnostic imaging modalities, and changes to RadNet's secure internet portal to access scans and other patient records (the Connect System)—is virtually indistinguishable from the content of the August 14, 2014 fax attached to the Complaint, which concerns upgrades to RadNet's images and reports online system, which it refers to as "Connect." (*See* Compl. Ex. 1.) As Plaintiff alleges that this fax constituted an advertisement, he cannot now argue that the faxes that Ms. DeLaCruz consented to receiving do not qualify as advertisements.

Accordingly, this case is distinguishable from *Healthways*, and the cases upon which the Court relied in that order, because Defendants *have* produced evidence "that rebuts Plaintiff's allegation that the faxes were sent without prior express permission," at least with regard to some putative class members. *Healthways*, No. 14-08022 BRO (JCx) (Dkt. No. 46 at 9). Moreover, unlike in *Healthways*, where the defendants were requesting a stay of all proceedings, here Defendants are only requesting a stay of class discovery. And as discussed above, that enables Plaintiff to continue pursuing his individual claim (and engage in discovery related to that claim) should he so desire.

As a result, the Court finds it appropriate to stay class discovery in this matter pending the FCC's resolution of Defendants' petition pursuant to the Court's inherent power to control its own docket. *See Landis*, 299 U.S. at 254.

---

[2] Plaintiff also argues that Ms. DeLaCruz has not sufficiently identified to which Defendant she is referring when she refers to "RadNet." But Defendants, who undoubtedly assisted Ms. DeLaCruz in formulating her declaration, refer to Defendant RadNet, Inc. and its subsidiaries collectively as "RadNet." (*See* Mot. at 1.)

[3] The Court therefore **OVERRULES** Plaintiff's objection on this basis. In addition, the Court **OVERRULES** Plaintiff's additional evidentiary objections as moot because the Court does not rely on the evidence to which Plaintiff is objecting.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-07997 BRO (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | EDWARD SIMON, DC V. RADNET MANAGEMENT, INC. ET AL. | | |

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to stay class discovery. Accordingly, the Court hereby **STAYS** all class discovery in this matter pending the FCC's resolution of Defendants' pending petition for a waiver of the FCC's rule requiring opt-out information on faxes sent with the recipient's express permission.

The hearing scheduled for May 18, 2015 is **VACATED**. Defendants are ordered to provide status reports to the Court every sixty (60) days. The first status report will be filed by **June 22, 2015**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |