UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: SACV 15-704-JLS (DFMx)             Date: September 10, 2015
Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION (Doc. 28)**

Before the Court is a Motion to Stay Action filed by Defendants United Stationers Inc., United Stationers Supply Co., and Lagasse LLC. (Mot., Doc. 28.) Plaintiffs Craftwood II, Inc. and Craftwood Lumber Company opposed, and Defendants replied. (Opp., Doc. 39; Reply, Doc. 46.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for September 11, 2015, at 2:30 p.m., is VACATED. Having read and considered the parties' briefs, the Court GRANTS the Motion.

      I.     **BACKGROUND**

On May 1, 2015, Plaintiffs Craftwood II, Inc. and Craftwood Lumber Company filed a Complaint in the instant action. (Compl., Doc. 1.) Plaintiffs allege that Defendants United Stationers Inc., United Stationers Supply Co., and Lagasse LLC faxed them at least thirteen unsolicited advertisements between March and April 2015 in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Compl. ¶¶ 2-3.) Defendants assert that upon reviewing its fax records, it has sent Plaintiffs a total of fourteen fascimiles, at the most, since May 1, 2011. (Mot. at 12; Corcoran Dec ¶ 5, Doc. 31.) Plaintiffs allege that Defendants sent these faxes without obtaining prior express

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: SACV 15-704-JLS (DFMx) | Date: September 10, 2015 |

Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

consent or including the necessary opt-out language. (Compl. ¶¶ 15-16.) Plaintiffs also seek to represent a class of:

> [A]ll persons and entities that were subscribers of facsimile telephone numbers to which material that discusses, describes, or promotes the property, goods or services of Defendants, or any of them, was sent via facsimile transmission (to 10 or more facsimile telephone numbers) on or after May 1, 2011 . . . .

(Compl. ¶ 20.) Based on these allegations, Plaintiffs assert a claim under Section 227(b) of the TCPA. (Compl. ¶¶ 30-31.) Plaintiffs request injunctive relief that (1) "prohibit[s] Defendants, their employees, agents, representatives, contractors, affiliates and all persons and entities acting in concert with them, from committing further violations of the [TCPA] and FCC Regulations," (2) requires Defendants to deliver records of the facsimile advertisements at issue in this lawsuit, (3) requires Defendants to conduct TCPA educational, training and monitoring programs, and warn recipients that their faxes do not comply with the TCPA, and (4) requires Defendants to post such warnings on the homepage of their website. (Compl. ¶ 33.) Plaintiffs further request "an award of statutory damages in the amount of $500 for each violation of the Act and/or the FCC Regulations in an amount not less than $5 million, and the trebling of such statutory damages[,]" as well as litigation costs and prejudgment interest. (Compl. Prayer for Relief ¶¶ 4, 6, 7.)

On May 20, 2015, Defendants served Plaintiffs with an Offer of Judgment that included damages of $22,000 and injunctive relief "prohibiting Defendants from transmitting facsimile advertisements to either of the Plaintiffs." (Mot. at 10; Mazzuchetti Dec. ¶ 3, Ex. A at 3, Doc. 29.)

On May 21, 2015, Plaintiffs filed a Motion for Class Certification. (Mot. Class Cert., Doc. 12.) On June 3, 2015, Plaintiffs rejected the May 20 offer. (Mazzuchetti Dec. ¶ 5.) During a meet and confer held on July 6, 2015, Plaintiffs' counsel questioned whether Defendants offered "relief sufficient to moot Plaintiffs' claims." (Mazzuchetti

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)             Date: September 10, 2015
Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

Dec. ¶ 7.) On July 10, 2015, Defendants served Plaintiffs with another Offer of Judgment that included damages of $25,000, plus costs and prejudgment interest. (Mazzuchetti Dec. ¶ 8, Ex. B at 3.) The July 10 offer also provided injunctive relief prohibiting Defendants, as well as their employees, agents, contractors, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from transmitting fax advertisements to either Plaintiff. (Id.) Plaintiffs did not accept this offer. (*See* Opp. at 7.)

       Defendants filed the instant Motion to Stay Action on July 13, 2015. Defendants request a stay in light of two cases that the Supreme Court has granted *certiorari* to hear in its upcoming term, *Robins v. Spokeo, Inc*., 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (Apr. 27, 2015), and *Gomez v. Campbell-Ewald Co*., 768 F.3d 871 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (May 18, 2015).

## II.     LEGAL STANDARD

       A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering whether to stay a pending proceeding, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those may include "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)            Date: September 10, 2015

Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

### III. DISCUSSION

#### A. *Spokeo, Inc. v. Robins*

First, the Court considers whether a decision in *Spokeo* would be dispositive in the instant action. As the law currently stands, "[t]he injury required by Article III can exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.'" *Fulfillment Servs., Inc. v. United States Parcel Serv., Inc.*, 528 F.3d 614, 618-19 (9th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). On April 27, 2015, the Supreme Court granted *certiorari* to determine "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (Apr. 27, 2015); Pet. for Writ of Cert., *Spokeo, Inc. v. Robins*, 2014 WL 1802228, at *i (May 1, 2014). Defendants argue that a decision in *Spokeo* will "directly impact [the instant] case and this Court's subject-matter jurisdiction." (Mot. at 2.) In response, Plaintiffs argue that *Spokeo* is irrelevant because they suffered a concrete harm separate from the intrinsic injuries identified by the TCPA. (Opp. at 17-18.)

To satisfy the requirements for Article III standing, a "petitioner must show that it has suffered 'an injury in fact,' i.e., 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'"[1] *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 950 (9th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Plaintiffs state they "received" and "printed" at least thirteen of the Defendants'

---

[1] The other two requirements for Article III standing, that (2) "the injury is fairly traceable to the challenged action of the defendant" and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision," *Bonneville Power Admin.*, 733 F.3d at 950 (internal quotation marks and citations omitted), are not at issue to determine whether the Supreme Court's decision in *Spokeo* will be dispositive in the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)                          Date: September 10, 2015
Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

"junk faxes" this year, thereby suffering the loss of "paper and ink" as well as the use of their fax line during the transmissions. (*See* Diana Brunjes Dec. ¶¶ 6-7, Doc. 41; David Brunjes Dec. ¶¶ 7-8, Doc. 42.) Plaintiffs attached to their Declarations copies of the thirteen faxes they "received" and "printed." (*See* Diana Brunjes Dec. Exs. 1, 2, 4, 5, 8, 9, 10, 11, 12, 13; David Brunjes Dec. Exs. 3, 6, 7.) Plaintiffs thereby argue there is "no question [they] suffered concrete injuries" as a result of the Defendants' violations. (Opp. at 17.)

      An "'economic injury is generally a legally protected interest.'" *Bonneville Power Admin.*, 733 F.3d at 951 (quoting *Cent. Ariz. Water Conservation Dist. v. United States EPA*, 990 F.2d 1531, 1537 (9th Cir. 1993)). "Even a small financial loss is an injury for purposes of Article III standing." *Nat. Res. Def. Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 85 (finding that the injury-in-fact requirement is satisfied by allegations of expenses incurred when buying soap). *See also United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.14 (1973) (noting that an "identifiable trifle is enough for standing"); *Halperin v. Int'l Web Servs., LLC*, 70 F. Supp. 3d 893, 898 (N.D. Ill. 2014) ("[T]he magnitude of [Plaintiff's] injury is a merits question . . . and not one of Article III standing, which requires only an injury, no matter how small."). Unlike the plaintiffs in *Spokeo* or *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, at *3-4 (S.D. Fla. July 6, 2015), the Plaintiffs here established a concrete and actual harm separate from the intrinsic injuries recognized by a federal statute. The cost of printing unsolicited faxes is therefore an economic harm that creates "a sufficient basis for standing." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996).

      Because Plaintiffs have established an injury-in-fact for Article III standing, the decision ultimately rendered in *Spokeo* would not affect the Court's jurisdiction over their individual claims. Nor would it affect the Court's jurisdiction over their claims as named plaintiffs on behalf of a putative class. Defendants argue that *Spokeo* nevertheless applies to the instant action because class members must also demonstrate injury-in-fact, (Reply at 9), but the Supreme Court's decision in *Spokeo* is limited to the question of "[w]hether Congress may confer Article III standing upon a *plaintiff* who suffers no concrete harm . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)                  Date: September 10, 2015

Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

. . ." Pet. for Writ of Cert., *Spokeo, Inc. v. Robins*, 2014 WL 1802228, at *i (May 1, 2014) (emphasis added). It does not appear that the decision in *Spokeo* will address whether absent class members must demonstrate injury-in-fact under the TCPA.

Thus, the Supreme Court's decision in *Spokeo* will not be dispositive to the instant action. Accordingly, the Court declines to stay the action to await the Supreme Court's decision in *Spokeo*.

     **B.**     *Gomez v. Campbell-Ewald Company*

The Court concludes, however, that the Supreme Court's decision in *Campbell-Ewald* will be dispositive in the instant action. As noted above, Defendant here made an offer of judgment pursuant to Rule 68. Some circuits have held that Rule 68 offers providing complete relief may moot the Plaintiff's case. *See, e.g.*, *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012). On May 18, 2015, the Supreme Court granted *certiorari* on *Campbell-Ewald* to consider whether a named plaintiff may proceed with TCPA claims, either individually or on behalf of a class, once he "receives an offer of complete relief on his claim." *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (May 18, 2015); Pet. for Writ of Cert. at i, *Campbell-Ewald, Co. v. Gomez*, No. 14-857 (U.S. Jan. 16, 2015), 2015 WL 241891, at *i. Defendants argue that the outcome of *Campbell-Ewald* will "directly impact [the instant] case and this Court's subject-matter jurisdiction." (Mot. at 2.) Plaintiffs, however, argue that *Campbell-Ewald* is irrelevant to the instant case because Defendants failed to meet the Plaintiffs' full demand for individual relief. (Opp. at 12-16.)

An offer of judgment is incomplete if it "does not offer to meet the plaintiff's full demand for relief . . . ." *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). "When a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains." *Id.*

Defendants argue that both their May 20 offer and their July 10 offer fully satisfy the Plaintiffs' individual demands for relief. (Mot. at 16.) Under the TCPA, a person or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)                                    Date: September 10, 2015
Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

entity may "enjoin" a violation of the Act or seek monetary damages. 47 U.S.C. § 227(b)(3)(A)-(C). Damages are limited to either "actual monetary loss" or $500 for each violation, "whichever is greater." 47 U.S.C. § 227(b)(3)(B). Courts may also treble the available damages if it finds the defendant "willfully or knowingly" violated the Act or its prescribed regulations. 47 U.S.C. § 227(b)(3). In their May 20 offer, Defendants offered damages of $22,000 as well as an injunction prohibiting Defendants from committing further violations of the Act to either Plaintiff. (Mazzuchetti Dec. Ex. A at 3.) Defendants expanded their proffered relief in their July 10 offer. This offer provided damages of $25,000, awarded costs and accrued prejudgment interests,[2] and prohibited Defendants as well as their employees, agents, contractors, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from transmitting facsimile advertisements to either Plaintiff. (Mazzuchetti Dec. Ex. B at 3.) The offered damages of $25,000 exceeds the maximum amount that Plaintiffs could request for the fourteen faxes identified by Defendants.

The injunctive relief that Defendants provided in their July 10 offer was sufficient to satisfy Plaintiffs' individual claims. Under the TCPA, claimants may enjoin only violations of the TCPA. 47 U.S.C. § 227(b)(3)(A). Under this Act, Plaintiffs are not entitled to the document productions, training programs, or public notices they requested in their Complaint. Moreover, Defendants correctly note that their offer prohibiting Defendants and their agents from transmitting fax advertisements to the named Plaintiffs satisfies the *individual* injunctive relief sought in the Complaint. (Reply at 6.) *Campbell-Ewald* asks whether a case becomes moot when a named Plaintiff receives an offer of complete relief on her claim, not on those claims pertaining to the putative class. *See* Pet. for Writ of Cert. at i, *Campbell-Ewald, Co. v. Gomez*, No. 14-857 (U.S. Jan. 16, 2015), 2015 WL 241891, at *i.

---

[2] Defendants note it is their "position that attorneys' fees and prejudgment interest are not available under the TCPA." (Reply at 5 n.2.) Because Defendants nevertheless include these fees and interest in their offers of judgment to Plaintiffs, the Court need not address whether such relief is available under the TCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 15-704-JLS (DFMx)                                         Date:  September 10, 2015

Title:  Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

Plaintiffs also acknowledge that the Defendants' July 10 offer may provide complete monetary relief if, at the end of discovery, Defendants are found liable only for the fourteen faxes that have thus far been identified by either side.  (Opp. at 16.)  Their only argument is that discovery must occur before the Court can conclusively determine how many facsimile advertisements Defendants actually sent to Plaintiffs.  (Id. at 14, 16.)  Whether a decision in *Campbell-Ewald* applies in this action, however, does not turn on when the Court is able to make this determination.  The Supreme Court's decision will apply if the Court ultimately determines, at any stage of the proceedings, that the offers provided for complete relief.

In light of this possibility, the Court finds that a stay would serve the interests of judicial economy.  It would be a waste of judicial resources to allow the case to move forward as a class action when in fact complete pre-judgment relief may have been offered.  Should the Court make this determination, a decision in favor of Defendants in *Campbell-Ewald* would "simplify" issues or questions of law, and a stay would therefore result in the "orderly course of justice."  *See Lockyer*, 398 F.3d at 1110.  It is note-worthy that the length of the requested stay is neither "indefinite" nor "immoderate" in this case.  *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).  The Supreme Court has already granted *certiorari* on this case for its upcoming term, and a decision will issue within the next year.  The Court also notes that other district courts have issued stays in similar TCPA cases pending the Supreme Court's decision in *Campbell-Ewald*.  *See, e.g.*, *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965, at *2 (N.D. Cal. July 20, 2015); *Boise*, 2015 WL 4077433, at *5-6.

For the same reasons, the Court also concludes that Defendants will face inequity and hardship if the action is not stayed.  Indeed, "both parties could be harmed by the burden of potentially superfluous litigation."  *Boise*, 2015 WL 4077433, at *6.  "[R]educ[ing] the additional expenditure of the parties' time and resources . . . is of particular importance if the Supreme Court's decision ultimately disposes of this action."  *Munoz v. PHH Corp.*, No. 1:08CV0759 AWI DLB, 2011 WL 4048708, at *4 (E.D. Cal. Sept. 9, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 15-704-JLS (DFMx)            Date: September 10, 2015
Title: Craftwood II, Inc. et al. v. United Stationers, Inc. et al.

       Third, the Court concludes that a stay would result in a minimal amount of potential prejudice to Plaintiffs. "[M]ere delay in the litigation does not establish undue prejudice." *Aten Int'l Co. Ltd., v. Emine Tech. Co*., No. SACV 09-0843, 2010 WL 1462110, at *7 (C.D. Cal. Apr. 12, 2010). Plaintiffs also assert that a stay would unreasonably delay their ability to move for class certification, but a stay is more appropriate than a hastened certification "if the Supreme Court's decision ultimately disposes of this action." *Munoz*, 2011 WL 4048708, at *4. Finally, Plaintiffs assert, without support or explanation, that an indefinite stay will increase the "risk of loss" of evidence. (Opp. at 2, 24.) Because Plaintiffs do not provide any basis for this increased risk of loss where the requested stay is neither indefinite nor immoderate, this unsupported assertion does not amount to a showing of undue prejudice.

       Because all three considerations weigh in favor of staying the instant action, the Court GRANTS IN PART Defendants' Motion to Stay Action pending the Supreme Court's decision in *Campbell-Ewald*.

### III. <u>CONCLUSION</u>

       For the foregoing reasons, Defendants' Motion to Stay Action is GRANTED. The Court will STAY this action until the Supreme Court issues a decision in *Gomez v. Campbell-Ewald Co*. The parties are instructed to file a joint status report within 21 days of the decision in *Campbell-Ewald* as to its effect on the current dispute. The Court VACATES all other previously set dates.

                                                                    Initials of Preparer: tg