| | |
|---|---|
| 1 | KELLEY DRYE & WARREN LLP |
| 2 | Lauri A. Mazzuchetti (*pro hac vice*) |
|   | Elizabeth D. Silver (*pro hac vice*) |
| 3 | One Jefferson Road, 2nd Floor |
|   | Parsippany, New Jersey 07054 |
| 4 | Telephone: (973) 503-5900 |
|   | lmazzuchetti@kelleydrye.com |
| 5 | esilver@kelleydrye.com |
| 6 | |
|   | KELLEY DRYE & WARREN LLP |
| 7 | Lee S. Brenner (State Bar No. 180235) |
|   | Catherine D. Lee (State Bar No. 258550) |
| 8 | 10100 Santa Monica Blvd., 23rd Floor |
|   | Los Angeles, CA 90067-4008 |
| 9 | Telephone:  (310) 712-6100 |
|   | Facsimile:   (310) 712-6199 |
| 10 | lbrenner@kelleydrye.com |
| 11 | clee@kelleydrye.com |
| 12 | Attorneys for Defendants |
|   | Essendant Inc. (f/k/a United Stationers Inc.) |
| 13 | and Essendant Co. (f/k/a United Stationers |
| 14 | Supply Co. and Lagasse, LLC) |

### 15  UNITED STATES DISTRICT COURT

### 16  CENTRAL DISTRICT OF CALIFORNIA

### 17  SOUTHERN DIVISION

| | |
|---|---|
| Craftwood II, Inc., a California corporation, dba Bay Hardware; Craftwood Lumber Company, an Illinois corporation, | No. SACV 8:15-cv-00704-JLS-DFM |
| | Assigned to: Hon. Josephine L. Staton |
| Plaintiffs, | **DECLARATION OF LAURI A. MAZZUCHETTI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |
| v. | |
| United Stationers Inc., a Delaware corporation, dba Essendant and Essend∧nt; United Stationers Supply Co., an Illinois corporation, dba Essendant and Essend∧nt; Lagasse LLC, an Illinois corporation, dba LagasseSweet, Essendant and Essend∧nt, | |
| | [*Opposition filed concurrently herewith*] |
| | Date:          May 27, 2016 |
| | Time:         2:30 p.m. |
| | Courtroom:  10A |
| | Compl. Filed:  May 1, 2015 |
| Defendants. | Trial Set:      None set |

LA01\LEECA\724560.1

DECLARATION OF LAURI A. MAZZUCHETTI

I, Lauri A. Mazzuchetti, declare as follows:

1. I am a partner at Kelley Drye & Warren LLP, and counsel of record for Essendant Inc. (f/k/a United Stationers Inc.) and Essendant Co. (f/k/a United Stationers Supply Co. and Lagasse LLC) (collectively "Defendants"). I respectfully submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Voluntary Dismissal Without Prejudice.

2. I have personal knowledge of the facts set forth herein.

3. This action was stayed from September 10, 2016 through March 1, 2016, pending a decision by the U.S. Supreme Court in *Gomez v. Campbell-Ewald Co.*, Case No. 14-857. Once the stay was lifted, Defendants' counsel reached out to Plaintiffs' counsel regarding the preparation of a Joint Rule 26(f) report.

4. On March 7, 2016, in response to an email from my colleague, Cathy Lee asking Plaintiffs if they would like to have a Rule 26(f) conference call, Plaintiffs' counsel sent Defendants' counsel an email stating: "Plaintiffs have decided to dismiss this case. Please confirm that your clients will stipulate to dismissal." (A true and correct copy of Plaintiffs' email is attached hereto as Exhibit A.)

5. I called Plaintiffs' counsel to discuss the proposed dismissal on March 7, 2016, but did not receive a return call.

6. Plaintiffs' counsel emailed Defendants' counsel on March 9, attaching a proposed stipulation of dismissal that would dismiss the case without prejudice. (A true and correct copy of Plaintiff's March 9 email attaching proposed stipulation of dismissal is attached hereto as Exhibit B.)

7. Plaintiffs' counsel then followed up with Defendants' counsel on March 11 and March 16 as to whether Defendants agreed to the proposed stipulation. (A true and correct copy of the March 11 and 16 email correspondence is attached hereto as Exhibit C.)

8. Unbeknownst to Defendants and Defendants' counsel, on March 4, 2016, Plaintiffs had filed a second class action lawsuit in Illinois state court (the

"Illinois Action") asserting the same claims that are asserted in this case, and seeking to represent the same class.

9. Plaintiffs' counsel never informed Defendants' counsel of the Illinois Action at any time while communicating about the proposed dismissal of this case.

10. Eventually, Defendants' counsel learned of the Illinois Action from a colleague who had reviewed an Illinois State Court report of recently filed cases.

11. On March 17, 2016, Defendants' counsel advised Plaintiffs' counsel that Defendants would not consent to the proposed dismissal without prejudice.

12. On Saturday, March 19, 2016, Plaintiffs' counsel demanded that Defendants provide Plaintiffs with a significant amount of information, claiming it to be necessary to prepare the parties' Joint Status Report in this action.

13. On March 23, 2016, the parties had a lengthy Rule 26(f) conference call and subsequently engaged in numerous email correspondence to finalize the Rule 26(f) Joint Status Report, which was filed on March 26, 2016.

14. Since the stay was lifted, the parties have submitted the above mentioned Joint Status Report to the Court, exchanged initial disclosures, and Defendants have served discovery requests.

15. On August 28, 2015, Defendants received retroactive waivers of the opt-out notice requirement of Section 64.1200(a)(4)(iv) for all faxes sent with prior express consent and/or permission on or before April 30, 2015 from the FCC. (A true and correct copy of Defendants' FCC Waiver Order is attached hereto as Exhibit D.)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 6, 2016, in Parsippany, New Jersey.

                                                /s/Lauri A. Mazzuchetti
                                                Lauri A. Mazzuchetti