JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 15-704-JLS (DFMx) | Date:  May 24, 2016 |
| Title: Craftwood II Inc. et al. v. United Stationers Inc. et al. | |

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. 55)**

Before the Court is Plaintiffs Craftwood II, Inc. and Craftwood Lumber Company's Motion for Voluntary Dismissal Without Prejudice.  (Mot., Doc. 55.)  Defendants[1] opposed, and Plaintiffs replied.  (Opp., Doc. 65; Reply, Doc. 67.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for May 27, 2016, at 2:30 p.m., is VACATED.  For the following reasons, we GRANT the Motion.

**I.   BACKGROUND**

On May 1, 2015, Plaintiffs Craftwood II, Inc. and Craftwood Lumber Company filed a Complaint against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and related FCC regulations.  (Compl., Doc. 1.)  Defendants answered the Complaint on June 19, 2015, and they filed an amended answer on July 10, 2015.  (Docs. 24, 27.)  On July 13, 2015, Defendants moved to stay the case

---

[1] As acknowledged by both parties, the Defendants have gone through name changes and/or corporate reorganizations since this action was filed.  (Mem. at 1 n.1, Doc. 53; Opp., at 1.)  Defendant Essendant Inc. was formerly known as United Stationers Inc., and Defendant Essendant Co. was formerly known as United Stationers Supply Co. and Lagasse LLC.  (*Id*.)  Both parties refer to Defendants as "Defendants" or "Essendant," (*id*.), as we do in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-704-JLS (DFMx)            Date: May 24, 2016

Title: Craftwood II Inc. et al. v. United Stationers Inc. et al.

pending the Supreme Court's decisions in two cases. (Doc. 28.) The Court granted the motion and stayed the action until the Supreme Court issued a decision in *Campbell-Ewald Co v. Gomez*. (Doc. 49.) The Supreme Court issued its decision on January 20, 2016, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), and the parties timely filed a joint status report as to this decision, (Doc. 50). On March 1, 2016, the Court lifted the stay on the instant proceedings. (Doc. 51.)

      On March 4, 2016, Plaintiffs filed a complaint against Defendants in the Circuit Court of Lake County, Illinois. (Lula Decl. ¶ 2, Doc. 56.) The state court complaint mirrors the complaint filed in this action; it seeks recovery against Defendants for TCPA violations based on the same allegedly unlawful "junk fax advertisements." (*Id.*; State Court Complaint, Lula Decl. Ex. A, Doc. 56-1.) The parties do not dispute that Craftwood Lumber Company is based in Illinois, and both Essendant, Inc. and Essendant Co. have their principal places of business in Illinois. (Lula Decl. ¶ 3.) After filing the Illinois state court action, Plaintiffs' Counsel sought Defendants' consent to voluntarily dismiss the California action without prejudice. (Lula Decl. ¶ 4; Mazzuchetti Decl. ¶¶ 4-8, Doc. 66.) Plaintiffs' Counsel did not advise Defendants' Counsel of the Illinois action, (Mazzuchetti Decl. ¶ 9), and Defendants ultimately declined to consent to the proposed dismissal, (*id.* ¶ 11; Lula Decl. ¶ 4).

      On March 24, 2016, Plaintiffs filed the instant motion to voluntarily dismiss this action without prejudice. (Mot.) After exchanging initial disclosures, the parties filed their Joint Rule 26(f) Report on March 25, 2016. (Doc. 61.) On April 25, 2016, Defendants served discovery requests on Plaintiffs. (Supp'l Lula Decl. ¶ 3, Doc. 67-1; Lula Decl. Exs. A-D, Docs. 67-2, 67-3, 67-4, 67-5.)

## II.   <u>LEGAL STANDARD</u>

      Where, as here, a plaintiff seeks to voluntarily dismiss her complaint after the defendants have answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-704-JLS (DFMx)            Date: May 24, 2016

Title: Craftwood II Inc. et al. v. United Stationers Inc. et al.

1389 (9th Cir. 1986). Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted).

Legal prejudice means "prejudice to some legal interest, some legal claim, [or] some legal argument," such as "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). In addition, the Ninth Circuit has also construed legal prejudice to encompass circumstances where a plaintiff is dilatory in seeking dismissal, a plaintiff seeks to avoid a dispositive legal ruling, or the proposed dismissal is motivated by "blatant forum shopping." *See Cent. Mont. Rail v. BNSF Ry. Co.*, 422 Fed. Appx. 636, 638, (9th Cir. Mar. 18, 2011); *Westlands*, 100 F.3d at 97; *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Kern Oil*, 792 F.2d at 1389-90. The Ninth Circuit has also made clear that "[p]lain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

### III. **DISCUSSION**

Plaintiffs seek to voluntarily dismiss this matter without prejudice so they can pursue the same claims against Defendants in Illinois. (Mem. at 3-5, Doc. 53.) Defendants argue that granting voluntary dismissal would be improper because (1) discovery has already occurred and is ongoing in this action, and (2) Plaintiffs' request for dismissal constitutes impermissible forum shopping. (Opp. at 5-12.) Defendants further assert that if voluntary dismissal is granted, they are entitled to an award of attorneys' fees and costs associated with litigating this action. (*Id*. at 13.) We address each argument in turn.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-704-JLS (DFMx)                            Date:  May 24, 2016
Title: Craftwood II Inc. et al. v. United Stationers Inc. et al.

### A. <u>Voluntary Dismissal</u>

      First, we observe that this matter is still in its infancy.  Defendants argue that discovery has been ongoing in this case, (Opp. at 12), and it appears that both parties have exchanged initial disclosures and have filed a Joint Rule 26(f) Report.  (Mazzuchetti Decl. ¶¶ 13-14.)  However, the Court has yet to issue a scheduling order, and no substantive or dispositive motion on the merits has been considered or ruled upon by this Court.  Defendants also point to pending discovery requests in this action, (Opp. at 12), but the requests were served on Plaintiffs nearly a month *after* Plaintiffs filed the instant motion.  (Supp'l Lula Decl. ¶ 3, Doc. 67-1.)  Pending discovery requests at an action's infancy do not constitute legal prejudice, especially when the requests were served well after Defendants learned of Plaintiffs' intent to move for voluntary dismissal.  Contrary to Defendants' assertions, we find that the early stage of this litigation "weigh[s] in favor of dismissal."  *See Davis v. Bonanno*, No. CV 08-03449 ODW (AJWx), 2008 WL 4330296, at *3 (C.D. Cal. Sept. 19, 2008).

      We also find Defendants' arguments about forum shopping unavailing.  Courts in the Ninth Circuit have denied motions for voluntary dismissal due to evidence of forum shopping, but they have done so where a plaintiff's request was made *after* the court ruled on a substantive or dispositive motion and the plaintiff sought to avoid that judge's ruling.  *See Kern Oil*, 792 F.2d at 1389-90 (denying voluntary dismissal because the moving party did not make its request "until *after* the granting of summary judgment [in favor of the other party]" and the moving party's "filings emphasize [its] desire" to avoid that ruling while having the claim heard by another judge who had "come close to granting summary judgment for [the moving party] in a related action."); *EON Corp. IP Holdings v. Apple, Inc.*, No. 14-cv-05511-WHO, 2015 WL 4914984, at *5 (N.D. Cal. Aug. 17, 2015) (finding that the motion "raises concerns that [plaintiff] is forum shopping" because the parties have already "extensively litigated the venue of this case" and dismissal "would likely force [the defendant] to re-litigate the issue of venue once more."); *Roybal v. Equifax*, No. 2:05-cv-1207-MCE-KLM, 2006 WL 988537, at *2 (E.D. Cal. Apr. 14, 2006) (denying voluntary dismissal because the plaintiffs sought to refile in state court the very claims "that had previously been dismissed by [the] Court.").  Courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-704-JLS (DFMx)            Date: May 24, 2016

Title: Craftwood II Inc. et al. v. United Stationers Inc. et al.

have also denied a motion for voluntary dismissal where the claim had already reached the summary judgment stage in federal court and the defendant would "be denied a federal forum were the motion granted." *Cent. Mont. Rail*, 422 Fed. Appx. 636, at *1.

As observed above, this action is in its infancy and no substantive or dispositive motion on the merits has been considered. Thus, Plaintiffs do not hope to avoid a prior ruling made by this Court as to their claims. Rather, Defendants argue that Plaintiffs seek to avoid a December 2015 decision that denied class certification of a putative TCPA class, a ruling notably made by a different judge in this district that pertains to a different case involving different parties. (Opp. at 5-7, 9-11 (citing *Simon v. Healthways, Inc.*, No. CV 14-08022-BRO (JCx), 2015 WL 10015953 (C.D. Cal. Dec. 17, 2015).) We need not address the parties' arguments as to whether these two actions are sufficiently similar or whether the *Simon* decision is relevant to the instant action. (*Compare* Opp. at 5-7, 9-11 *with* Reply at 4-6.) In any event, the *Simon* decision is non-binding authority on any federal district court in this country, including this Court, and it would likely carry the same persuasive weight in any federal district court, including those in Illinois. Thus, Plaintiffs' request for voluntary dismissal does not evidence the type of impermissible forum shopping identified in the above cases. We also observe that the Illinois action has already been removed to federal court, (Opp. at 5), eliminating any concern that Defendants would be denied a federal forum. To the extent Plaintiffs gain a tactical advantage through the dismissal or Defendants are inconvenienced by having to litigate in a different forum, these considerations do not constitute legal prejudice. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145). Defendants have therefore failed to identify any legal prejudice that would result from the voluntary dismissal of the instant action. Accordingly, the Court GRANTS Plaintiffs' Motion.

### B.     Attorneys' Fees and Costs

Defendants assert that if voluntary dismissal is granted, they are nevertheless entitled to an award of attorneys' fees and costs associated with litigating this action. (Opp. at 13.) They therefore seek leave to submit a fee petition at a later time. (*Id.*)

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-704-JLS (DFMx)                      Date: May 24, 2016
Title: Craftwood II Inc. et al. v. United Stationers Inc. et al.

       Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). The court's imposition of fees and costs is discretionary. *Westlands Water Dist.*, 100 F.3d at 97. When determining whether to award costs to a defendant upon voluntary dismissal without prejudice, "courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting 8-41 Moore's Fed. Prac. Civ. § 41.40[10][d][I]). However, "[w]hile the Court has the power to issue such an award, that power is circumscribed by the general rule that 'a defendant is entitled only to recover, as a condition of dismissal under [Federal Rule of Civil Procedure 41(a)(2)], attorneys fees or costs for work which is *not useful in continuing litigation between the parties*." *Tur v. YouTube, Inc.*, No. CV 06-4436 FMC (AJWx), 2007 WL 4947615, at *4 (C.D. Cal. Oct. 19, 2007) (quoting *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

       Given the above considerations, the Court denies an award of fees and costs to Defendants. This litigation is in its infancy, it was stayed for the majority of its existence at Defendants' request, and Plaintiffs sought voluntary dismissal soon after the stay was lifted. Defendants also fail to identify any work associated with this litigation that will not be useful in continuing litigation between the parties. Rather, Defendants acknowledge that Plaintiffs "filed an identical action in Illinois," (Opp. at 13), indicating that their efforts in (a) answering Plaintiffs' Complaint as well as (b) serving and responding to what little discovery has occurred in this action will generally be useful in the Illinois action. Accordingly, Defendants fail to demonstrate that an award of fees or costs would be appropriate under the circumstances. *See Williams*, 227 F.R.D. at 540 (declining to award costs in part because the action "has not progressed" and the defendant has "not incurred significant costs in litigating this suit."). The Court therefore DENIES Defendants' request for leave to file a fee petition.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 15-704-JLS (DFMx)                 Date:  May 24, 2016

Title:  Craftwood II Inc. et al. v. United Stationers Inc. et al.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. Plaintiffs' claims are hereby DISMISSED WITHOUT PREJUDICE, without costs or fees to Defendants.


Initials of Preparer:  tg